[No. A047770. First Dist., Div. One. June 19, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
VICTOR WAYNE COOPER, Defendant and Appellant.

[No. A054703. First Dist., Div. One. June 19, 1992.]

In re VICTOR WAYNER COOPER on Habeas Corpus.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, II and IIIA.

## COUNSEL

Richard J. Krech, under appointment by the Court of Appeal, for Defendant and Appellant and for Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and David Lew, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STRANKMAN, P. J.**—Defendant Victor Wayne Cooper was convicted by a jury of four counts of lewd and lascivious acts upon a seven-year-old girl. (Pen. Code, § 288, subd. (a).) Defendant is serving an enhanced sentence of four consecutive terms of fifteen years to life due to two prior rape convictions. (Pen. Code, § 667.51, subd. (d).) Defendant seeks to overturn his conviction on grounds of juror misconduct, ineffective assistance of counsel, and denial of his right to present evidence on his motion below for a new trial. In addition to this appeal, defendant petitions for a writ of habeas corpus alleging ineffective assistance of counsel and improper use at sentencing of a constitutionally invalid prior conviction. That petition was consolidated with defendant's appeal for purposes of argument and briefing.

We affirm the judgment and, in a discussion following our treatment of the issues raised on appeal, deny the petition for a writ of habeas corpus. In the published portion of this opinion, we address defendant's habeas corpus claim that he did not waive his right to a jury trial when pleading guilty to a prior offense, thereby rendering the prior conviction invalid and precluding its use in enhancing defendant's sentence in this case. On that issue, we hold that defendant's bare declaration of nonwaiver, without further elaboration of facts and absent an allegation that he did not understandingly and voluntarily plead guilty, is insufficient to establish a prima facie case for collateral relief.

## I.-III.A.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### B. Defendant's Allegations Are Insufficient to Support a Collateral Challenge to the Constitutional Validity of His Prior Conviction

 In response to the mandate of *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], our Supreme Court held that when accepting a guilty plea ". . . the record must contain *on its face* direct evidence that the accused was aware, or made aware, of his right to confrontation, to a jury trial, and against self-incrimination." (*In re Tahl* (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449], cert. den. 398 U.S. 911 [26 L.Ed.2d 72, 90 S.Ct. 1708].)[3] █ Explicit admonitions and waivers of *Boykin* rights are still required in this state, although our Supreme Court has recently explained that admonitions and waivers are not constitutionally compelled. (*People* v. *Howard* (1992) 1 Cal.4th 1132, 1177, 1179 [5 Cal.Rptr.2d 268, 824 P.2d 1315].)

In reliance on *Boykin-Tahl*, defendant collaterally attacks the validity of his 1976 rape conviction, claiming that he did not waive his right to a jury trial at the time of entering his guilty plea in Placer County. This conviction and a second prior rape conviction were admitted by defendant and used to enhance his sentence. (Pen. Code, § 667.51, subd. (d).) Defendant did not challenge his prior conviction in the trial court by a motion to strike, or by any other means.

As evidence of the court's failure to obtain defendant's waiver of his right to a jury trial on the prior conviction, defendant has submitted a copy of a minute order noting his arraignment on the change of his plea from not guilty to guilty. The order consists of a typewritten form with blank spaces to be checked as appropriate. Defendant notes that the space next to the statement that defendant was advised of his legal rights was not checked at his arraignment. The declaration of defendant's counsel states that no transcript of the disputed proceeding exists. In addition to the proffered minute order, defendant submitted his declaration that "At the time that I plead [*sic*] guilty in 1976 I did not waive my constitutional right to jury trial."

---

*See footnote, *ante*, page 593.

[3]In addition to advisement of these three constitutional rights, an accused must also be advised of the nature of the charge and the consequences of the plea. (*In re Tahl, supra,* 1 Cal.3d at p. 132.) However, it has always been clear that these later advisements are required as a judicially declared rule and are not derived from the United States Constitution. (*In re Ronald E.* (1977) 19 Cal.3d 315, 320-321 [137 Cal.Rptr. 781, 562 P.2d 684].)

■ We find that the evidence presented by the minute order of a silent record and defendant's bare declaration of nonwaiver of his right to a jury trial are insufficient to support defendant's challenge of the prior conviction in this habeas corpus proceeding. Defendant has not explained the circumstances surrounding the entry of his guilty plea but has presented only the conclusory allegation that he did not waive his right to a jury trial. "Conclusory allegations made without any explanation of the basis for the allegations do not warrant relief . . . ." (*People* v. *Karis* (1988) 46 Cal.3d 612, 656 [250 Cal.Rptr. 659, 758 P.2d 1189], cert. den. 490 U.S. 1012 [104 L.Ed.2d 172, 109 S.Ct. 1658].) Here, defendant's declaration suggests, by its silence on the point, that he was advised of his constitutional rights and expressly waived his right to confront witnesses and his right against self-incrimination. Yet, no factual basis is presented for defendant's conclusory claim that he did not waive his right to a jury trial, making it impossible to determine whether defendant contends that no express waiver of this one constitutional right was sought or, if sought, that his response to the court's query was an ineffective waiver for some reason.

Defendant's petition for a writ of habeas corpus is otherwise insufficient in its failure to allege that he did not understandingly and voluntarily plead guilty or, as specifically applied here, defendant has failed to allege that he was unaware of his right to a jury trial at the time of his prior conviction and would not have pleaded guilty had he known of this right. ■ As our Supreme Court has recently affirmed in the context of a direct appeal, a guilty plea is valid, despite *Boykin-Tahl* errors, if the plea is voluntary and intelligent under the totality of the circumstances. (*People* v. *Howard, supra,* 1 Cal.4th at p. 1175.) In holding that no *Boykin-Tahl* errors are reversible per se, *Howard* disavowed the previous distinction commonly made or suggested between defective admonitions or waivers of the three constitutional rights, reviewed under a reversible per se standard on appeal, and defective admonitions or waivers concerning the nature of the charge or consequences of the plea, reviewed for prejudice on appeal. (*Id.,* at pp. 1174-1178; see *In re Ronald E., supra,* 19 Cal.3d at pp. 320-321.) ■ In the context of a collateral attack, as opposed to a direct appeal, it has consistently been the rule that prejudice (an uninformed, involuntary plea) must be demonstrated for any *Boykin-Tahl* error. (*People* v. *Harty* (1985) 173 Cal.App.3d 493, 503-504 [219 Cal.Rptr. 85]; see *In re Ibarra* (1983) 34 Cal.3d 277, 283, fn. 1 [193 Cal.Rptr. 538, 666 P.2d 980].) This rule, and its application, are first expressed by *Ronald E.* A review of the case is instructive.

■■■ *Ronald E.* concerned a challenge to the constitutional validity of a present (as opposed to a prior) "conviction," or admission of juvenile

misconduct, on *Boykin-Tahl* grounds.[4] Ronald had a long history of juvenile violations, beginning with a wardship imposed in 1971 on an initial petition. (*In re Ronald E., supra*, 19 Cal.3d at p. 319, fn. 1.) Ronald was released in 1972 but charged for another violation in a supplemental petition. (*Ibid.*) Ronald was again detained at juvenile hall and released. (*Ibid.*) Second and third supplemental petitions were filed in subsequent years, and each time Ronald admitted the charges and went to juvenile hall. (*Ibid.*) After an initial commitment on the third supplemental petition, Ronald was paroled. (*Ibid.*) While on parole, Ronald was again charged with juvenile violations, in a fourth supplemental petition, and parole was revoked. (*Id.*, at p. 320, fn. 1.) Ronald applied for a writ of habeas corpus, claiming that he was unlawfully detained by the Youth Authority because he was not advised of certain rights at the time he admitted the allegations of misconduct contained in the initial and first three supplemental petitions.[5] (*Id.*, at p. 319.)

Our Supreme Court refused to consider Ronald's claim that he was not advised of his *Boykin-Tahl* rights on the initial and first two supplemental petitions because he was not diligent in seeking relief. The court ruled that Ronald waived any constitutional defects by his unexcused failure to take expeditious appeals. (*In re Ronald E., supra*, 19 Cal.3d at p. 322.) The court also found that Ronald's *Boykin-Tahl* claim relating to the third supplemental petition was untimely because it was not raised until revocation of parole after the hearing on the fourth supplemental petition. (*Ibid.*) In addition to being untimely, the application for a writ was also insufficient in failing to allege that he was previously unaware of the denial of *Boykin-Tahl* rights. (*Id.*, at p. 323, fn. 3.) In the absence of such an allegation, Ronald failed to demonstrate that he had not knowingly waived his right to such relief by not appealing.[6] (*Ibid.*)

---

[4]The *Boykin-Tahl* protections extend to juvenile proceedings, with the exception of a right to trial by jury. (*In re Ronald E., supra*, 19 Cal.3d at p. 321.)

[5]Ronald's admission of the truth of the allegations of the third supplemental petition was the basis for his present confinement. (*In re Ronald E., supra*, 19 Cal.3d at p. 319, fn. 1.) However, that proceeding was dependent upon his initial commitment, and thus Ronald also challenged the validity of his previously adjudicated wardship and detentions. (*Ibid.*)

[6]In a later Supreme Court case, discussed below, the timeliness requirement of *Ronald E.* barring broad challenges to a current conviction was not applied to a collateral attack upon a prior conviction used to enhance a sentence. (*People* v. *Sumstine* (1984) 36 Cal.3d 909, 919-921 [206 Cal.Rptr. 707, 687 P.2d 904].) The *Sumstine* court did not discuss the separate question of an implied waiver in failing to allege an unawareness of the *Boykin-Tahl* error at a time when the prior conviction could have been appealed. (*In re Ronald E., supra*, 19 Cal.3d at pp. 323, fn. 3, 325, fn. 8.) However, the *Sumstine* court did note that motions to strike are the preferred means to raise collateral attacks on prior convictions used in sentence enhancements. (*People* v. *Sumstine, supra*, at p. 920.) Here, defendant has failed not only to allege that he was unaware of the claimed error at a time when the prior conviction could have been appealed, but has also failed to allege that he was unaware of the error at a time when he

Despite these infirmities, the court proceeded to consider the merits of Ronald's *Boykin-Tahl* claim as it related to the third supplemental petition. The court found that Ronald had been advised of his constitutional rights to confrontation and against self-incrimination and "expressly acknowledged that he surrendered such rights." (*In re Ronald E., supra,* 19 Cal.3d at p. 323.) The court also found that Ronald was sufficiently advised of the nature of the charges against him. (*Id.,* at p. 324.) However, Ronald was not admonished of the consequences of his plea or admission. (*Id.,* at p. 325.) Since such an admonishment has never been held to be constitutionally compelled, the court evaluated the error for its prejudicial effect. (*Ibid.*) Finding that it was not reasonably probable that Ronald would not have admitted the charge in the third supplemental petition had he been advised of the consequences of his admission, the court ruled that no prejudice was established, and the application for a writ of habeas corpus was denied. (*Id.,* at pp. 325-326, 328.)

While applying a prejudice standard of review because the omitted advisement was not constitutionally compelled, the court also suggested that a prejudice standard would apply even to constitutional advisements because the error was raised in a petition for habeas corpus rather than in a direct appeal. "Petitioner is not entitled to collateral relief merely because of a *Boykin-Tahl* denial as in such event the writ would merely serve as an alternate path for appellate review. He must, in these circumstances, establish that his admissions were involuntary for want of the admonitions required by *Boykin-Tahl.* But notwithstanding the absence of such admonitions, if he were in fact independently aware of *Boykin-Tahl* rights, then his admissions could not be deemed involuntary and he would not be entitled to collateral relief. [Citation.] Petitioner has failed in the instant collateral attack to allege his lack of knowledge of *Boykin-Tahl* rights." (*In re Ronald E., supra,* 19 Cal.3d at p. 325, fn. 8.)

In this context, we read *Ronald E.* as establishing that a habeas corpus petitioner must make a prima facie showing of prejudice by affirmatively alleging an uninformed, involuntary plea. (See *People* v. *Harty, supra,* 173 Cal.App.3d at p. 503 [defendant must demonstrate that guilty plea was involuntary for want of *Boykin-Tahl* admonitions].) It is not sufficient to allege without elaboration, as done here, that petitioner "did not waive [his] constitutional right to jury trial." Although obiter dictum, our Supreme Court has since stated that a collateral attack upon a prior conviction on *Boykin-Tahl* grounds is insufficiently alleged where defendant has failed to allege

could have brought a motion to strike in the lower court. Since we conclude that defendant's petition is insufficient on other grounds, we need not reach the question of whether these deficiencies constitute an implied waiver.

that he was "unaware of his [*Boykin-Tahl*] rights and would not have pleaded guilty had he known of them." (*People* v. *Tassell* (1984) 36 Cal.3d 77, 92 [201 Cal.Rptr. 567, 679 P.2d 1].)

The requirement that prejudice be alleged is consistent with *Sumstine* and deserves comment. *Sumstine* held that a defendant whose sentence is subject to enhancement because he suffered a prior conviction may collaterally attack the validity of that conviction by moving to strike on the ground of a *Boykin-Tahl* error. (*People* v. *Sumstine*, *supra*, 36 Cal.3d at p. 914.) *Sumstine* has its genesis in cases holding that prior, uncounseled convictions are invalid and may not be used in sentence enhancements. (*In re Woods* (1966) 64 Cal.2d 3 [48 Cal.Rptr. 689, 409 P.2d 913]; *In re Luce* (1966) 64 Cal.2d 11 [48 Cal.Rptr. 694, 409 P.2d 918]; *In re Tucker* (1966) 64 Cal.2d 15 [48 Cal.Rptr. 697, 409 P.2d 921].) *People* v. *Coffey* (1967) 67 Cal.2d 204 [60 Cal.Rptr. 457, 430 P.2d 15], held that a defendant need not wait until final judgment, as done in *Woods*, to challenge the constitutional validity of an uncounseled prior conviction used to enhance his sentence but is entitled to bring a motion to strike the prior conviction. In *Sumstine*, the Supreme Court refused to limit *Coffey* to right to counsel claims: "a defendant may bring *any* challenge that undermines the constitutional basis of his prior conviction."[7] (*People* v. *Sumstine*, *supra*, at p. 917.)

However, the *Sumstine* court held that the motion to strike the prior conviction was insufficient in simply alleging that the record on defendant's prior conviction was silent, without alleging "actual denial of his constitutional rights." (*People* v. *Sumstine*, *supra*, 36 Cal.3d at p. 922.) A collateral attack on the prior conviction requires an affirmative allegation that defendant "did not know of, or did not intelligently waive," his *Boykin-Tahl* rights. (*Id.*, at p. 914.) This rule has recently, and succinctly, been reiterated: "To collaterally attack a judgment of conviction on *Boykin-Tahl* grounds, it is not enough to show an incomplete or otherwise defective advisement; defendants must also allege and prove that, when the plea was entered, they lacked knowledge of, or did not intelligently waive, their constitutional rights." (*People* v. *Hayes* (1990) 52 Cal.3d 577, 637 [276 Cal.Rptr. 874, 802 P.2d 376], cert. den. __ U .S. __ [116 L.Ed.2d 440, 112 S.Ct. 420]; see *Curl* v. *Superior Court* (1990) 51 Cal.3d 1292, 1303 [276 Cal.Rptr. 49, 801 P.2d 292].) A guilty plea is valid if the plea is voluntary and intelligent under the totality of the circumstances. (*People* v. *Howard*, *supra*, 1 Cal.4th at p. 1175.)

Reading *Ronald E.*, *Tassell*, *Sumstine*, *Hayes* and *Howard* together, we conclude that a collateral attack upon a prior conviction used for sentence

---

[7] In a concurring opinion, then Associate Justice Lucas stated his view that collateral attacks upon prior convictions used in sentencing should be limited to cases involving the denial of the right to counsel. (*People* v. *Sumstine*, *supra*, 36 Cal.3d at p. 924 (conc. opn. of Lucas, J.).)

enhancement, whether by a habeas petition or a motion to strike, must allege prejudice: an "actual denial" of constitutional rights rendering the plea "involuntary" because defendant was "unaware of his [*Boykin-Tahl*] rights and would not have pleaded guilty had he known of them."[8] (*People* v. *Tassell, supra,* 36 Cal.3d at p. 92; see also *People* v. *Howard, supra,* 1 Cal.4th at p. 1175; *People* v. *Hayes, supra,* 52 Cal.3d at p. 637; *People* v. *Sumstine, supra,* 36 Cal.3d at pp. 922-923; *In re Ronald E., supra,* 19 Cal.3d at p. 325, fn. 8.) Applying this principle to the present case, defendant has not alleged that he was unaware of his right to a jury trial at the time of his prior conviction and that he would not have pled guilty had he known of the right. Defendant has therefore failed to establish a prima facie case for collateral relief.

## IV. DISPOSITION

The judgment is affirmed, and the petition for a writ of habeas corpus is denied.

Newsom, J., and Stein, J. concurred.

A petition for a rehearing was denied July 14, 1992, and appellant's petition for review by the Supreme Court was denied September 2, 1992.

---

[8]Assuming an allegation of prejudice, the movant or petitioner would then bear the burden of proving that he was unaware of his *Boykin-Tahl* rights and would not have pled guilty had he been aware. (See *Curl* v. *Superior Court, supra,* 51 Cal.3d at pp. 1306-1307 [defendant has burden of proving constitutional invalidity of prior conviction].)