[No. H013138. Sixth Dist. Nov. 1, 1995.]

THE PEOPLE, Plaintiff and Appellant, v.
JOEL MEDINA MURILLO, Defendant and Appellant.

**COUNSEL**

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Joan Kileen and Gerald A. Engler, Deputy Attorneys General, for Plaintiff and Appellant.

J. Frank McCabe, under appointment by the Court of Appeal, for Defendant and Appellant.

OPINION

WUNDERLICH, J.—

*Statement of the Case*

Defendant Joel Medina Murillo was convicted of residential burglary after a court trial. The court further found true allegations that he suffered two prior serious felony convictions. Thereafter the court struck one of the prior convictions. It sentenced defendant under the three strikes law (Pen. Code, § 667, subds. (b)-(i)[1]) and imposed an eight-year term for the burglary, i.e., double the midterm because of his prior burglary conviction. (See § 667, subd. (e)(1).) However, the court declined to impose an additional five-year enhancement for that prior conviction.

The People appeal from an order striking a prior conviction. They claim the court erred in striking it on grounds that the plea did not meet constitutional requirements and defendant was not advised of the immigration consequences of the plea. (See § 1238, subd. (a)(1) and (a)(10).) The People also appeal from the sentence, claiming the court erred in failing to impose an additional five-year enhancement for the prior conviction. (See § 1238, subd. (a)(10).)

Defendant cross-appeals from the judgment. He claims the court erred in considering the remaining prior conviction a "strike" within the meaning of section 667, subdivisions (b) and (i).

We find merit in the People's claims, reject defendant's, and remand the matter for further proceedings.

*The People's Appeal*

I. *It Was Error to Strike the Prior Conviction.*[2]

The People contend the court erred in striking defendant's prior conviction in People v. Murillo (Super. Ct. Monterey County, No. CR 14902) (hereafter No. CR 14902). We agree.

---

[1]Unless otherwise specified, all further statutory references are to the Penal Code.

[2]The facts concerning the offense for which defendant was convicted are not relevant to the issues raised on appeal. Simply stated, defendant was caught in the act of burglarizing the Herrera family apartment in Salinas about 10:30 a.m. on April 3, 1994. He later admitted to police that he entered with the intent to steal.

## A. *Background*

Defendant moved to strike a 1989 prior conviction for residential burglary (No. CR 14902) on the ground that before accepting his plea, the trial court in that case failed to give a statutorily required advisement concerning the potential deportation consequences of his plea. (See § 1016.5.) In support of his motion, defendant declared only that he was not given this advisement and, after serving his prison term for the burglary, he was in fact deported from the United States and ordered not to return.

The transcript of proceedings held on October 5, 1989, in case No. CR 14902 reveals that in advising defendant prior to accepting his plea, the court said, "What will happen is that you'll obviously on this case be giving up your rights and on the prior on the serious felony and on the charge itself, be giving up the right to a jury trial, the right to subpoena and cross-examine witnesses, and the right not to incriminate yourself. I know you've pled guilty to the other offense so I know those rights have been explained to you before. [¶] Do you have any questions about what those rights mean or what it means to plead guilty or admit this prior felony?" Defendant responded, "No." Thereafter, the court stated, "And I take it that you do give up each of the rights that I have mentioned both as to the charge of burglary and as to the allegation of the prior serious felony?" [¶] You have to answer aloud." Defendant responded, "Yes."[3]

Based on this transcript, the court below granted the motion to strike because the trial court failed to give the required immigration-consequences advisement. The court sua sponte also based its ruling on a finding that the advisement was constitutionally inadequate.

## B. *Constitutional Advisement*

It is settled that the record of a guilty plea "must contain on its face direct evidence that the defendant was aware of the rights to confrontation and jury trial, and the privilege against self-incrimination, the three constitutional rights which are necessarily forfeited by a guilty plea. [Citations.]" (*People* v. *Jackson* (1991) 1 Cal.App.4th 697, 702 [2 Cal.Rptr.2d 308]; see *People* v. *Howard* (1992) 1 Cal.4th 1132, 1176 [5 Cal.Rptr.2d 268, 824 P.2d 1315].) Notwithstanding errors in the articulation of rights and waiver, a guilty plea will be upheld "if the record affirmatively shows that it is voluntary and intelligent under the totality of the circumstances." (*People* v. *Howard, supra,* 1 Cal.4th at p. 1175.)

---

[3]The People point out that the " 'other offense,' " referred to was People v. Murillo (Super. Ct. Monterey County, No. CR 13757; hereafter No. CR 13757), wherein in September 1988, defendant pleaded guilty.

■ The transcript quoted above reveals that the judge who took defendant's plea clearly and explicitly indicated to defendant that by pleading guilty, he would be giving up the three fundamental constitutional rights. The judge noted that defendant had pleaded guilty once before and then asked if he had any questions. In our view, doing so implicitly inquired whether defendant understood his rights. Neither defendant nor counsel denied that defendant had previously pleaded guilty, and defendant had no questions of the judge. We consider this direct evidence that defendant understood his rights. The court then asked defendant to confirm or deny his understanding that defendant wanted to waive those rights. Defendant confirmed that he did.

We find the record sufficient to establish a knowing and intelligent waiver of constitutional rights, and conclude that the court erred in finding otherwise. In doing so, the trial court pointed out that the judge simply informed defendant that he would be giving up his constitutional rights, but that "[t]he judge didn't ask [defendant] if he understood. He didn't say: Did you understand it? And do you give up the rights? That answer does not appear anywhere . . . ."

We disagree with the trial court's reasoning. There is no specific formula for advising a defendant of his or her rights, and none is required as long as the record, in light of the totality of circumstances, "shows by direct evidence that the accused was fully aware of his rights." (*People v. Cooper* (1991) 53 Cal.3d 771, 839 [281 Cal.Rptr. 90, 809 P.2d 865]; *In re Tahl* (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449]; *North Carolina v. Alford* (1970) 400 U.S. 25, 31 [27 L.Ed.2d 162, 167-168, 91 S.Ct. 160]; *Brady v. United States* (1970) 397 U.S. 742, 747-748 [25 L.Ed.2d 747, 755-757, 90 S.Ct. 1463]; *Boykin v. Alabama* (1969) 395 U.S. 238, 242 [23 L.Ed.2d 274, 279, 89 S.Ct. 1709].) Certainly, it is best for the trial court to ensure that there is an adequate record for appeal and protect the validity of guilty pleas by making its advisements, defendant's understanding of his rights, and waivers as complete and explicit as possible. Indeed, our Supreme Court established a judicial rule requiring explicit admonitions and waivers. (*People. v. Howard, supra*, 1 Cal.4th at pp. 1178-1179.) However, the record before us does not suggest that defendant's plea was not knowing and voluntary.

## C. *Immigration Consequences*

■ Section 1016.5 requires that before a court accepts a plea of guilty or no contest in a felony or misdemeanor case, it must advise the defendant that if he or she is not a citizen, a conviction could result in deportation,

exclusion from admission to the United States, or denial of naturalization. (§ 1016.5, subd. (a).) This section further provides that if the court fails to give this advisement and the defendant shows that conviction of the offense to which he entered a plea "may" have any of these consequences, "the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea . . . and enter a plea of not guilty." (§ 1016.5, subd. (b).)

The People concede that in taking defendant's plea in case No. CR 14902, the court failed to give the required advisement. However, they claim that striking the prior in this subsequent prosecution was not a proper and appropriate remedy for the error. We agree.

Section 1016.5 recognizes that noncitizens sometimes unknowingly expose themselves to adverse immigration consequences by entering pleas. (See § 1016.5, subd. (d).) By requiring an advisement, the statute addresses this harm and provides protection against it. The statute also provides the remedy if a defendant received no advisements before entering a plea: he or she may move to vacate the conviction, withdraw the plea, and enter a not guilty plea. In our view, this is the exclusive remedy for violations of section 1016.5. This remedy returns the defendant to where he or she was before entering the plea and immediately eliminates potential exposure to adverse immigration consequences that might have arisen because of the conviction.

A motion to strike, on the other hand, is not an adequate remedy for the failure to receive the statutory advisement. Striking the prior does not provide any protection against the harm recognized in section 1016.5. Nor does it eliminate potential exposure to adverse immigration consequences, for it leaves the conviction intact. Striking the prior merely permits a defendant to escape enhancements to a subsequent offense that would lengthen his sentence. Nothing in section 1016.5 suggests that the Legislature intended to provide this collateral benefit.

Even if a motion to strike the prior conviction were a proper and appropriate remedy, the record before us would not support an order granting it. To obtain relief, defendant had to establish not only that the court failed to give the immigration advisement but also that he did not actually know about these consequences and would not have entered the plea had he known them. (*People* v. *Cooper* (1992) 7 Cal.App.4th 593, 596-601 [8 Cal.Rptr.2d 912].) In his motion to strike, defendant did not establish any such prejudice. Moreover, the record reveals that in 1987, he pleaded guilty to an offense and was expressly advised in Spanish that as a consequence of his plea, he could be deported. This previous advisement and his willingness to plead

guilty despite these consequences do not suggest that the court's failure to give the immigration advisement in a subsequent prosecution against him was prejudicial. (See *People* v. *Aguilera* (1984) 162 Cal.App.3d 128, 132 [208 Cal.Rptr. 418].)

In sum, we conclude it was error to strike the prior conviction in case No. 14902 on the ground that defendant did not receive the advisement required by section 1016.5.

## II. *It Was Error Not to Impose the Five-year Enhancement.*

█ The People contend the trial court erred in refusing to impose a five-year enhancement for the prior conviction it did not strike.

Defendant acknowledges recent cases holding that the five-year enhancement must be imposed in addition to the doubled base term. (*People* v. *Ramirez* (1995) 33 Cal.App.4th 559 [39 Cal.Rptr.2d 374]; *People* v. *Anderson* (1995) 35 Cal.App.4th 587 [41 Cal.Rptr.2d 474]; *People* v. *Cartwright* (1995) 39 Cal.App.4th 1123, 1138-1139 [46 Cal.Rptr.2d 351].) However, defendant argues that these cases were wrongly decided and urges us not to follow them. In particular, defendant claims *People* v. *Jones* (1993) 5 Cal.4th 1142 [22 Cal.Rptr.2d 753, 857 P.2d 1163] bars the imposition of the additional five-year enhancement. He also claims the additional enhancement violates the prohibition against double punishment in section 654.

We adopt the reasoning of *People* v. *Anderson, supra,* 35 Cal.App.4th 587, which, as we summarize below, rejected both of defendant's claims. As *Anderson* explains "[I]n *Jones,* the court determined that the enhancement for a prior prison term under section 667.5 could not be imposed cumulatively with the enhancement under section 667, former subdivision (a), for the same prior conviction. In general, the court held that separate enhancements for the same prior conviction cannot be imposed cumulatively unless the enhancement statutes specifically permit. (5 Cal.4th at pp. 1152-1153.)" (*People* v. *Anderson, supra,* 35 Cal.App.4th at p. 594.) *Anderson* correctly notes, however, that *Jones* does not apply because the doubling of the base term is not an enhancement but a result dictated by "a parallel sentencing scheme for specifically described recidivists." (*Id.* at p. 595.) Thus, in doubling the base term and imposing a five-year enhancement, the defendant received only one enhancement. (*Ibid.*)

The *Anderson* court also explained that section 654 does not preclude use of the same prior conviction to double the base term and impose a five-year

enhancement because this statute does not apply to the dual use of *facts*. Rather, it prohibits multiple punishment for the same act or omission. (35 Cal.App.4th at p. 599.) " 'Both sections 666 and 667.5 [which increase punishment for prior convictions] apply to facts, not acts; they relate to the status of the recidivist offender engaging in criminal conduct, not to the conduct itself. We agree with those courts which hold that section 654 does not apply to such enhancements. . . .' " (*Ibid.*) The court further noted that although a defendant's status, which is based on prior convictions, may call for increased punishment, it is the conduct underlying the present offense rather than the status that is being punished. (*Id.* at pp. 599-600.)

Finally, we note that in refusing to impose the five-year enhancement, the trial court reasoned that using the prior conviction to both double the base term and impose a five-year enhancement violated what it perceived as a general prohibition against the dual use prior convictions. As discussed above, this reasoning is faulty. Thus, we conclude that the court erred.

### Defendant's Appeal

### Defendant's Prior Conviction Qualifies as a Strike.

■ Defendant contends the court erred in finding that his prior conviction in case No. CR 13757 was a "strike" under the three strikes law. He notes that section 667, subdivision (d)(1), provides, "The determination of whether a prior conviction is a prior felony conviction [i.e., a 'strike'] for purposes of [the three strikes law], *shall be made upon the date of that prior conviction.*" (Italics added.) He argues that because he suffered his prior conviction before the three strikes law became effective, his prior cannot qualify as a "strike." We disagree.

Five recent cases have rejected this identical claim. (*People* v. *Reed* (1995) 33 Cal.App.4th 1608 [40 Cal.Rptr.2d 47] [First Dist., Div. Five]; *People* v. *Anderson, supra,* 35 Cal.App.4th 587 [First Dist., Div. Three]; *People* v. *Sipe* (1995) 36 Cal.App.4th 468 [42 Cal.Rptr.2d 266] [Third Dist.]; *People* v. *Green* (1995) 36 Cal.App.4th 280 [42 Cal.Rptr.2d 249] [Second Dist., Div. Two]; and *Gonzales* v. *Superior Court* (1995) 37 Cal.App.4th 1302 [44 Cal.Rptr.2d 144] [Fifth Dist.].)

We need not recount in detail the overlapping analyses in these cases. It suffices to say that we agree with their collective reasoning and conclusion that defendant's view of the statutory language is unreasonable because it does not take into account the surrounding context, it renders certain portions of the three strikes law meaningless, it leads to absurd results, and it is

wholly inconsistent with the purpose of the law, which is to "ensure longer prison sentences and greater punishment" for serious and violent recidivists. (See § 667, subd. (b).)

Defendant's arguments to the contrary and reliance on rules of construction that require us to apply the plain meaning of statutory language and resolve ambiguities in favor of the defendant do not persuade us otherwise. Simply put, these rules do not compel adoption of defendant's interpretation where, as here, they would result in absurd consequences, render portions of the statute meaningless, and frustrate the evident purpose of the law. (See *People* v. *Jenkins* (1995) 10 Cal.4th 234, 246 [40 Cal.Rptr.2d 903, 893 P.2d 1224]; *People* v. *Broussard* (1993) 5 Cal.4th 1067, 1070-1071 [22 Cal.Rptr. 278, 856 P.2d 1134]; *People* v. *Belleci* (1979) 24 Cal.3d 879, 884 [157 Cal.Rptr. 503, 598 P.2d 473].)

According to defendant, the three strikes law established a clean slate for everyone, and even the most hardened recidivist criminals do not begin to accumulate "strikes" until after the effective date of the statute. This view is patently inconsistent with the purpose of the statute and the companion initiative and, in our view, constitutes an absurd result.

### Disposition

The judgment of conviction is affirmed but the matter is remanded for further proceedings, including resentencing.

Cottle, P. J., and Bamattre-Manoukian, J., concurred.

The petition of appellant Joel Medina Murillo for review by the Supreme Court was denied February 15, 1996. Mosk, J., was of the opinion that the petition should be granted.