Filed 11/26/13  P. v. Moore CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058356 |
| v. | (Super.Ct.No. BAF1200495) |
| GABRIEL ANTHONY MOORE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Ronald A. Jakob and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Gabriel Anthony Moore appeals from the denial of his motion to withdraw his guilty plea and also argues that a concurrent term should have

1

been stayed pursuant to Penal Code section 654.[1]  We find no error and affirm the judgment.

## STATEMENT OF FACTS

As defendant pleaded guilty, only an abbreviated statement of the case is necessary.  At the preliminary hearing, testimony reflected that law enforcement had responded to a 911 call concerning a "male subject [who] was allegedly chasing family members with a knife."  Defendant's mother told the responding officer that she had been arguing with defendant over child care for the latter's child, and that defendant had grabbed a screwdriver and threatened to disfigure her with it; he then picked up two knives and pointed the blades at her while repeating his threats.

## PROCEDURAL HISTORY

Defendant was charged by information with one felony count of terrorist threats (§ 422) and one misdemeanor count of brandishing a weapon.  (§ 417, subd. (a)(1).)  The information included two "prior prison term" enhancements under section 667.5, subdivision (b).  On November 16, 2012, he entered a plea of guilty to both charges and admitted the enhancements.  The agreed term was the low term of 16 months for the charge under section 422.

Defendant executed a standard "Felony Plea Form" which contained the usual advisal of constitutional rights and the consequences of a guilty plea.  He also initialed the appropriate boxes and signed beneath the term "I have read and understand this entire

---

[1]  All subsequent statutory references are to the Penal Code.

document.  I waive and give up all of the rights that I have initialed."  At the hearing, the court explained to defendant that his conviction under section 422 would be a "strike,"[2] and that any future felony convictions would inevitably lead to a prison term.  The consequences of a "strike" conviction—doubled terms and limited credits—were also explained, and defendant repeatedly confirmed that he understood.  Defendant then specifically agreed that he had gone over his rights with counsel, and that he understood his rights and he was waiving them.  Defendant answered "[n]o" when asked if he had any questions, and then entered his plea and admitted the enhancements.

Sentencing was originally set for November 29, 2012, but was continued several times so that defendant could retain new counsel for a motion to withdraw his plea.  In this motion defendant declared that while in jail at the time of his plea, he had not been provided with his "required" medications for bipolar or seizure disorders and "this prevented me from understanding my plea or its consequences."  Defendant also asserted that the victim had recanted and had made false accusations against him in the past, complaining that his original attorney had not investigated these matters.[3]

At the hearing on the motion, defendant's attorney testified that she had not specifically asked him whether he had any medical condition that would affect his understanding of his rights.  She also testified that defendant told her that he used to take

---

[2]  Section 667, subdivisions (b)-(e).

[3]  Defendant claimed to have been unaware of these "facts" at the time of the plea, but did not state when he learned of them.  As no "ineffective assistance" claim is made on appeal, we will not deal further with any such evidence submitted below.

medication (inferrably for a mental or psychological issue), but no longer did so. Counsel did not believe at the time that defendant needed treatment at the jail. She also confirmed that she went over the plea/waiver of rights form with defendant and that defendant's responses had not signaled any lack of comprehension.

In denying the motion, the court relied on its own recollection of defendant's demeanor at the time of the plea and his responses to the court's questioning. It also opined that "[t]he only reason he is asking to withdraw his plea today is because his mother is in recant mode. That is not unusual in family cases . . . ." The court further expressed the view that being bipolar was not the equivalent of being incompetent, and noted that at the time of the plea defendant "wasn't speaking rapidly, he wasn't in a manic mood, he wasn't in a depressed mood."[4] It then proceeded to impose the agreed term of 16 months for the conviction under section 422, and also imposed a concurrent sentence of 180 days for the misdemeanor.

## DISCUSSION

A defendant who seeks to withdraw his plea bears the burden of persuading the court by "clear and convincing evidence" that "good cause" exists to permit the withdrawal of the plea—that is, that the plea was not voluntary and intelligent in the legal sense. (§ 1018; *People v. Breslin* (2012) 205 Cal.App.4th 1409, 1416.) Such a motion is directed to the sound discretion of the trial court, whose ruling will be upheld unless clear

---

[4] In fact, at this point defense counsel intervened and informed the court that the victim in fact had *not* recanted and that counsel had intended to raise the issue that witnesses at the scene might contradict the victim. The recantation claim is expressly contained in defendant's declaration.

4

abuse of discretion is shown.  (*People v. Superior Court (Giron)* (1974) 11 Cal.3d 793, 796, cited in *People v. Ravaux* (2006) 142 Cal.App.4th 914, 918.)  The trial court is fully entitled to base its decision upon its own observations of the defendant at the time the plea is taken.  (*Ibid.*; see also *People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)  We must accept all factual findings of the trial court that are supported by substantial evidence.  (*Ibid.*)

Defendant relies on the familiar *Boykin-Tahl*[5] rule to the effect that a plea of guilty is constitutionally infirm unless the defendant is advised of and understands the right to trial by jury, the right to confront witnesses, and the right against compulsory self-incrimination.  But California has long recognized that, in the absence of unusual circumstances, the court may rely on a properly executed change of plea form, which sufficiently sets out those rights.  (*In re Ibarra* (1983) 34 Cal.3d 277, 285.)  More recently, the California Supreme Court has also ruled that although an express advisal of rights is the best way to demonstrate for the record that a defendant understands and waives his rights, whether a plea is voluntary and intelligent may be determined from the totality of the circumstances in other cases.  (*People v. Howard* (1992) 1 Cal.4th 1132, 1175; see also *People v. Mosby* (2004) 33 Cal.4th 353, 360-361.)

Defendant's reliance on *People v. Howard* and similar cases in which a defendant either was *not* properly advised of all of his rights or was advised but not asked whether they were understood or waived is misplaced.  (E.g., *People v. Wash* (1993) 6 Cal.4th

---

[5] *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

5

215, 267-269; *People v. Campbell* (1999) 76 Cal.App.4th 305, 310-311; *People v. Murillo* (1995) 39 Cal.App.4th 1298, 1303-1304.) Where the defendant completes a change of plea form that includes and explains all relevant rights and that also reflects the defendant's understanding and voluntary relinquishment of the rights, the "totality of the circumstances" requires little, if anything, else before a valid plea must be found. In this case, the court went beyond the plea form when it asked defendant whether he understood his rights and wished to waive them, and whether he had any questions. At the time it was entered, the plea was obviously favorable to defendant because he was facing a maximum of five years in prison if convicted and if the enhancements were found true.

Hence, the record fully supports the denial of the motion to withdraw the plea on the grounds now urged.[6]

---

[6] Of course, these are not the grounds that were raised below or that were specified in defendant's successful request for a certificate of probable cause. (§ 1237.5.) However, we accept that once a defendant has obtained a certificate of probable cause, he or she may raise issues on appeal that were not specified in the notice. (*People v. Johnson* (2009) 47 Cal.4th 668, 676.) The People do not argue that the issue of adequate advisals was waived by the failure to raise it below in the form now presented.

The Concurrent Misdemeanor Term Is Valid

Defendant argues that the concurrent term of 180 days imposed for the misdemeanor brandishing conviction falls within the scope of section 654, and therefore must be stricken.[7] The People respond that section 654 does not apply where a defendant has agreed to a specific term as part of a plea bargain. (See Cal. Rules of Court, rule 4.412(b).)

We think it more common that this rule is applied where a defendant has agreed to a specific term, the computation of which is reached by using convictions that might otherwise be subject to section 654.[8] However, in *People v. Hester* (2000) 22 Cal.4th 290, 297-298 (*Hester*), the court held that a defendant who pleaded guilty in exchange for a specific term (which he received) could not complain that section 654 barred the court from imposing a concurrent term on a subordinate conviction. "Had defendant been truly surprised at the time of sentencing to find that concurrent terms were being imposed, his remedy would have been to attempt to withdraw his plea on the grounds of violation of

---

[7] That section provides in subdivision (a) that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." In a case of multiple qualifying convictions, the subordinate terms are to be stayed. (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1469.)

[8] For example, the parties may agree to a six-year term, but the minimum possible using "non-654" charges or enhancements is 10 years; in such a case the defendant cannot complain if the court instead imposes sentence on charges otherwise subject to section 654 in order to reach the more lenient total.

the plea bargain." (*Hester* at p. 296.) Defendant's motion below did not remotely address this point and *Hester* controls here.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:


KING
                         J.


MILLER
                          J.