Filed 10/1/20  P. v. Marzett CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY MARZETT,<br><br>Defendant and Appellant. | B305960<br><br>(Los Angeles County<br>Super. Ct. No. NA021057) |

THE COURT:

In December 1994, a jury convicted Anthony Marzett (defendant) of (1) forcible oral copulation (Pen. Code § 288a, subd. (d)),[1] and (2) assault with intent to commit rape (§ 220).  The jury also found that he personally used a firearm to commit each crime.  (§§ 12022.3, subd. (a), 12202.5, subd. (a).)  In January

---

[1]     All future statutory references are to the Penal Code unless otherwise stated.

1995, the trial court sentenced defendant to prison for 35 years to life. This was a "third strike" sentence under our state's Three Strikes Law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(j)). Defendant's two prior "strike" convictions were a 1985 conviction of residential burglary (§ 459) and a 1990 conviction of robbery (§ 211). Defendant's conviction became final in January 1997.

In February 2020, defendant moved the trial court to be resentenced in this case because (1) he had entered pleas to the 1985 and 1990 convictions used as "strikes" in this case, (2) those pleas were "void" under the newly enacted section 1016.8 because the Three Strikes Law took effect in 1994, which was *after* both pleas, and thus constituted a "change in law" from which he should be immune. The trial court summarily denied the motion on the grounds that section 1016.8 "does not apply retroactively to final cases," and that defendant's case had been final for 23 years.

Defendant filed a timely notice of appeal. We appointed appellate counsel for defendant. Citing *People v. Serrano* (2012) 211 Cal.App.4th 496, counsel filed an opening brief setting out the procedural history and relevant facts of this case, and a declaration indicating that counsel had "reviewed the entire record," had found no "arguable issues to raise on appeal" and had informed defendant "of his right to file a supplemental brief."

We sent a letter to defendant advising him that he had 30 days to file a supplemental brief. On August 19, 2020, defendant filed a supplemental brief arguing that section 1016.8 renders his pleas "void" (and, relatedly, that enforcing his pleas impairs the obligations of contracts).

Pursuant to *People v. Cole* (2020) 52 Cal.App.5th 1023, our obligation in reviewing this appeal of an order denying post-

2

conviction relief is to "evaluate [the] arguments presented" in the defendant's supplemental brief.  (*Id.* at p. 1040.)

At bottom, defendant in his supplemental brief argues that the trial court that sentenced him in 1995 erred in treating his 1985 and 1990 convictions as "strikes" under the Three Strikes Law enacted in 1994.  This argument has been rejected time and again.  (E.g., *People v. Sipe* (1995) 36 Cal.App.4th 468, 478-479 (*Sipe*); *People v. Murillo* (1995) 39 Cal.App.4th 1298, 1307-1308 [collecting cases that have unanimously so held].)  Neither section 1016.8 nor the impairment of contracts doctrine call this well-settled law into question.  By its terms, section 1016.8 prohibits the state from requiring a defendant, as a condition of a plea bargain, to "waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea . . ."  (§ 1016.8, subd. (b).)  But the trial court imposing sentence in 1995 did not transgress this requirement because the Three Strikes Law is not a "future *benefit*" to defendants, and because the trial court's act of sentencing defendant under the Three Strikes Law in 1995 applied the law in effect at that time and thus did not retroactively apply any law (*Sipe*, at pp. 478-479).

The trial court's order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P.J.,            CHAVEZ, J.,            HOFFSTADT, J.

3