Filed 8/30/23  P. v. Barry CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>SEAN RYAN BARRY,<br><br>　　　Defendant and Appellant. | A165079<br><br>(Sonoma County<br>Super. Ct. No. SCR7322881) |

In 2019, Sean Ryan Barry pled guilty to inflicting corporal injury on someone with whom he had a dating relationship (Pen. Code, § 273.5, subd. (a))[1], and the trial court suspended imposition of sentence and placed him on probation.  The following year, after Barry admitted violating probation, the court suspended execution of a four-year upper term prison sentence and reinstated probation in exchange for his express waiver of custody credits.  Then, in 2022, following another admitted probation violation, the court executed the upper term sentence.  It did not conduct an analysis under Senate Bill No. 567 (2021–2022 Reg. Sess.; S.B. 567), which limits a trial court's discretion to impose an upper term of imprisonment except in specified circumstances.

---

[1] Further undesignated statutory references are to the Penal Code.

1

Barry appeals the sentence executed in 2022. On appeal, he challenges the validity of his waiver of custody credits. He also argues the matter must be remanded for resentencing under S.B. 567. On this second point, we agree. We remand to allow Barry to seek resentencing under S.B. 567. In all other respects, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2019, the prosecution charged Barry with two felonies — inflicting corporal injury and assault by means likely to produce great bodily injury — arising out of a physical altercation between Barry and his former girlfriend. The prosecution alleged Barry had four prior felony convictions.

The following month, Barry pled guilty to inflicting corporal injury. He stipulated to a factual basis for the plea based on the police report and indicated he understood the maximum term for the offense was four years. Barry also entered a waiver pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*) which provided in relevant part: "I understand that if pending sentencing I commit another crime, violate any condition of a Supervised O.R. release, or willfully fail to appear for my sentencing hearing, this agreement will be canceled, I will be sentenced unconditionally, and I will not be allowed to withdraw my . . . plea." At the plea hearing, the trial court warned Barry that if he violated "any new laws pending sentencing" or failed "to appear, that deal is off" and he "could end up back in custody."[2] The

---

[2] At the same hearing, Barry also entered pleas on misdemeanor charges pending in other cases; the trial court dismissed those charges pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*). "A *Harvey* waiver permits the sentencing court to consider the facts underlying dismissed counts and enhancements when determining the appropriate disposition for the offense or offenses of which the defendant stands convicted." (*People v. Munoz* (2007) 155 Cal.App.4th 160, 167.)

prosecution dismissed the assault charge. At a December 2019 sentencing hearing, the court suspended imposition of sentence and placed Barry on probation.

In January 2020, Barry admitted violating probation. The trial court reinstated probation and ordered him to complete a drug treatment program. Two months later, Barry admitted violating probation a second time. The sentencing hearing occurred in September 2020. At the outset of the hearing, the court stated it had reviewed the file, but it had not weighed the "probation factors" or "the level of the crime." Defense counsel urged the court to order Barry to attend drug treatment; counsel noted a treatment program was willing to accept him, and that Barry was "willing to waive all of his credits" — a total of 564 days of custody credit — "as well as any credits while in treatment."

When the trial court asked whether there was any "legal cause why judgment should not be pronounced," defense counsel replied, "No." But when the court asked counsel to "stipulate that four years [was] an appropriate sentence based upon history," defense counsel objected and asked for clarification. In response, the court indicated it intended to suspend execution of sentence if counsel stipulated that a four-year prison term was "appropriate based upon [Barry's] 17-year history" and if Barry waived all credits. Thereafter, counsel for both parties stipulated.

Then the trial court addressed Barry. It explained: "So you will do four years. Your lawyer and the D.A. are stipulating . . . that's an appropriate term based upon your history and your lack of performance in this case as well as many other cases." Then the court asked Barry whether he was "waiving every credit that [he had] as of today." Barry responded, "[c]orrect." At the conclusion of the hearing, the court confirmed Barry had waived his

3

custody credits. Then it suspended execution of the four-year upper term sentence and reinstated and extended Barry's probation.

In early 2022, Barry admitted violating probation. At the April 2022 sentencing hearing on the violation held before a different judge — who had not presided over the September 2020 hearing — defense counsel urged the trial court to reinstate probation and order Barry to attend a drug treatment program. The prosecutor, by contrast, asked the court to terminate probation unsuccessfully and impose the upper term sentence. The prosecutor suggested the court could find aggravating factors based on the court's "file and presentence reports." Relying on California Rules of Court, rule 4.421(b), the prosecutor asserted Barry was "engaged in violent conduct" indicating "a serious danger to society," and that he had served a prior prison term and performed unsatisfactorily on probation.

The trial court asked defense counsel if she wished to be heard on whether S.B. 567 affected "the four year execution of sentence suspended that was put in place . . . before the change in the law." In response, counsel opined S.B. 567 was "not a legal issue" because the "defense stipulated to the aggravating factors and the aggravating terms" at the September 2020 hearing. Counsel also acknowledged her belief that the "aggravating factors would be found." Thereafter, the court terminated probation unsuccessfully. And without mentioning any aggravating circumstances, the court sentenced Barry to the upper term of four years in prison.

## DISCUSSION

### A. *Waiver of Custody Credits*

Barry challenges the validity of his waiver of custody credits at the September 2020 sentencing hearing.

4

A defendant is entitled to credits for "all days of custody," including "days served as a condition of probation." (§ 2900.5, subd. (a).) A defendant may "expressly waive entitlement" to custody credits, and "trial courts generally have authority to condition probation upon a waiver" of such credits. (*People v. Johnson* (2002) 28 Cal.4th 1050, 1052, 1055.) A defendant's waiver, however, must be knowing, intelligent, and voluntary. (*Id.* at p. 1055; *People v. Salazar* (1994) 29 Cal.App.4th 1550, 1554 & fn. 1.) This determination focuses on " 'whether the defendant understood he was giving up custody credits to which he was otherwise entitled.' " (*People v. Jeffrey* (2004) 33 Cal.4th 312, 320.) "There is no specific formula for advising a defendant of his . . . rights, and none is required as long as the record, in light of the totality of circumstances, 'shows by direct evidence [the defendant] was fully aware of his rights.' " (*People v. Murillo* (1995) 39 Cal.App.4th 1298, 1304.) Whether a waiver of custody credits is knowing, intelligent, and voluntary "is a question of law we review de novo." (*People v. Arevalo* (2018) 20 Cal.App.5th 821, 830.)

Applying these principles, we conclude Barry's waiver of custody credits was knowing, intelligent, and voluntary. At the September 2020 hearing, defense counsel proposed the credits waiver — a strategic suggestion that allowed Barry to remain on probation and participate in a drug treatment program. When the trial court asked Barry whether he was "waiving every credit" he had as of the date of the hearing, Barry responded, "[c]orrect." And at the conclusion of the hearing, the court confirmed Barry had waived his custody credits. The record therefore demonstrates Barry understood the import of the waiver, and he expressly waived his right to custody credits.

Without citing any authority, Barry contends his waiver was not voluntary because the trial court "shamed him into acquiescence" by insulting and criticizing him. While we disapprove of the court's apparently intemperate comments at the September 2020 hearing, we find that they do not — on this record — suggest the waiver was the product of intimidation or coercion.[3]

B.    *Remand for Resentencing Under S.B. 567*

Barry argues he is entitled to remand for resentencing under S.B. 567.

To place the issue in context, we briefly describe the statutory scheme. Before January 1, 2022, trial courts had broad discretion to select a prison term — lower, middle, or upper — that "best serve[d] the interests of justice." (Former § 1170, subd. (b), as amended by Stats. 2020, ch. 29, § 15.) S.B. 567 altered the court's discretion. (*People v. Fox* (2023) 90 Cal.App.5th 826, 830–831.) As amended by S.B. 567, section 1170 authorizes the court to impose a sentence exceeding the middle term only when "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term" *and* "the facts underlying those circumstances have either been stipulated to by the defendant, or have been found true beyond a reasonable doubt" by the jury or judge at trial. (§ 1170, subd. (b)(2).) The court "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (*Id.*, subd. (b)(3).)

---

[3] At the September 2020 hearing, the trial court commented on Barry's lengthy criminal record, faulted his lack of education, criticized his parenting skills, characterized his lifestyle as "reprehensible," and labeled him a "menace" and a "mooch."

When Barry entered his plea and was sentenced in December 2019 — and when the court held a sentencing hearing on his probation violation the following year — the trial court had broad discretion to choose the lower, middle, or upper term under former section 1170, subdivision (b). But when the court held a sentencing hearing in April 2022 on Barry's additional probation violation, S.B. 567 had taken effect. The Attorney General concedes S.B. 567 applies to Barry's case. (See *People v. Fox, supra*, 90 Cal.App.5th at p. 831; *People v. Esquivel* (2021) 11 Cal.5th 671, 680.) But the Attorney General proffers several reasons why the upper term comports with S.B. 567. As we explain, none is persuasive.

First, the Attorney General argues the upper term was appropriate in light of the *Cruz* waiver taken when Barry entered his plea in 2019. As relevant here, a " '*Cruz* waiver' gives a trial court the power to 'withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term,' if the defendant willfully fails to appear for sentencing." (*People v. Puente* (2008) 165 Cal.App.4th 1143, 1146, fn. 3.) A court may impose an upper term sentence if the defendant bargains for and agrees "to the *Cruz* waiver and its attendant potential for a maximum term prison sentence." (*People v. Vargas* (2007) 148 Cal.App.4th 644, 651.)

Here, the *Cruz* waiver in the written plea form did not specify Barry would receive the upper term if he violated the terms of the waiver. The plea form stated only that he would be "sentenced unconditionally" and would not be allowed to withdraw his plea if he committed another crime, violated conditions of supervised release, or willfully failed to appear for sentencing. In taking Barry's plea, the trial court made no mention of the potential for a maximum term prison sentence if he violated the *Cruz* waiver. Instead, the court simply advised Barry that if he violated "any new laws pending

sentencing" or failed "to appear, [the plea] deal is off" and he "could end up back in custody." On this record — and in light of the Attorney General's failure to cite pertinent authority — we cannot conclude the upper term was appropriate based on the *Cruz* waiver entered years before S.B. 567's effective date.

Similarly unavailing is the Attorney General's suggestion that the upper term comports with S.B. 567 because Barry entered a *Harvey* waiver at the 2019 plea hearing. As we have stated, a *Harvey* waiver allows a trial court to rely on the facts of dismissed charges when determining the appropriate disposition for the offense of which the defendant has been convicted. (*People v. Munoz*, *supra*, 155 Cal.App.4th at p. 167.) But the Attorney General presents no reasoned argument supported by authority that a *Harvey* waiver entered years before S.B. 567 took effect constitutes a stipulation to an aggravating circumstance consonant with the requirements of that ameliorative legislation. (See § 1016.8, subd. (a)(1) [entering a plea agreement does not insulate parties "from changes in the law that the Legislature has intended to apply to them"].)

Next, the Attorney General contends S.B. 567 "was not violated" because Barry admitted an aggravating factor — his "lengthy criminal history" — at the September 2020 sentencing hearing. We are not persuaded. When the trial court informed Barry that defense counsel had stipulated the upper term was appropriate based on Barry's "history and [his] lack of performance in this case" and other cases, Barry acknowledged he lacked a formal education. Barry did *not* stipulate to a prior conviction, and the court did not find such any aggravating circumstances true beyond a reasonable doubt. (§ 1170, subd. (b)(2); see *People v. Achane* (2023) 92 Cal.App.5th 1037, 1046 ["principles underlying the presumption of

8

retroactive application of ameliorative legislation overcome the usual rule that a previously imposed execution suspended sentence cannot be later modified when probation is revoked"].)  Indeed, the court explicitly acknowledged it lacked a probation report that contained "any weighing of factors," and it stated it had not balanced "the probation factors or . . . the level of the crime."  Moreover, there was no certified record of conviction before the court at the hearing.  (§ 1170, subd. (b)(3); see *People v. Dunn* (2022) 81 Cal.App.5th 394, 403 [probation report is not a "certified record of conviction"].)[4]

In sum, we are not convinced by the arguments advanced by the Attorney General.  We conclude the case must be remanded for resentencing because the trial court imposed an upper term, but no aggravating facts were stipulated to by Barry or found true beyond a reasonable doubt as required by the version of section 1170, subdivision (b) in effect at his April 2022 sentencing hearing.

## DISPOSITION

The conviction is affirmed.  The sentence is vacated and the matter is remanded for resentencing in light of amended section 1170, subdivision (b).

---

[4] The Attorney General does not contend Barry forfeited his objection to the upper term sentence.  (Cf. *People v. Achane, supra*, 92 Cal.App.5th at pp. 1043–1047.)  And he makes only a fleeting suggestion that any error in failing to comply with S.B. 567 was not prejudicial.  These assertions are waived.  (*People v. Parker* (2020) 44 Cal.App.5th 286, 291, fn. 2 [declining to consider argument in part because it was "undeveloped . . . and not specified by a separate heading or subheading"]; *Upshaw v. Superior Court* (2018) 22 Cal.App.5th 489, 504, fn. 7 [issues not raised or supported by substantive argument or authority are waived].)  Having concluded remand is required, we need not address Barry's contention that defense counsel was ineffective for failing to advocate for the middle term at the April 2022 sentencing hearing.

                                          _____
                                          Miller, J.


WE CONCUR:


_____
Stewart, P.J.


_____
Markman, J.*




A165079, *People v. Barry*

    * Judge of the Alameda Superior Court, assigned by the Chief Justice
pursuant to article VI, section 6 of the California Constitution.

10