Opinion
 

 HAERLE, J.
 

 I. Introduction
 

 Frederick Douglas Stills appeals from judgment of conviction for battery with serious bodily injury (Pen. Code, § 243, subd. (d)). He contends that the trial court committed reversible error by (a) failing to obtain a voluntary and intelligent waiver of his constitutional rights before he admitted a prior conviction, (b) not excluding evidence of the prior conviction in the course of impeachment on cross-examination, and (c) admitting other evidence he claims was prejudicial.
 

 We find no error with respect to the latter two contentions but find there was reversible error by the trial court in not advising appellant of his
 
 *1768
 
 constitutional rights and obtaining the appropriate waivers thereof. Our reversal is, therefore, limited to that issue and we remand the case for a new trial only on the prior conviction allegation.
 

 II. Facts and Procedure
 

 The case arose from an incident occurring at a boarding house in San Bruno where appellant resided along with several other people, including one Sharon Davis and her two children. During the late afternoon of May 28, 1993, a dispute arose between appellant and one of Davis’s children regarding possession of a remote control device for a television set. The dispute quickly accelerated to encompass Davis, who had been in the kitchen.
 

 Davis entered the room where appellant and her daughter were, holding a kitchen knife she had been using in preparing dinner. At that point the versions vary, appellant contending that Davis came at him holding the knife in a threatening manner, Davis contending that she never raised the knife and never threatened appellant with it. In any event, appellant struck Davis with a vase (either thrown or held by him) and, shortly thereafter, with a lamp held by him. Appellant contended that he acted in self-defense because of Davis’s threatening gestures with the knife, whereas Davis’s version was that, after the vase had hit her, she dropped the knife, fell back into a chair, and was thereafter hit on the head by appellant with the lamp. Davis’s daughter essentially confirmed Davis’s version of the incident, and there was other corroborating evidence as well.
 

 An information charged Stills with one count of attempted murder (Pen. Code, §§ 664/187, subd. (a)), one count of assault with a deadly weapon (a vase; Pen. Code, § 245, subd. (a)(1)), a third count also of assault with a deadly weapon (a lamp), and a fourth count of battery resulting in the infliction of serious bodily injury (Pen. Code, § 243, subd. (d)). With respect to all four counts it was alleged that appellant was previously convicted of a serious felony within the meaning of Penal Code section 667, subdivision (a). With respect to the two assault counts, it was alleged that appellant personally inflicted great bodily harm within the meaning of Penal Code section 12022.7.
 

 After a jury trial, the jury found appellant guilty on the latter two counts, i.e., assault with a deadly weapon (the lamp) and battery with serious bodily injury. It also found that appellant personally inflicted great bodily injury. Appellant was found not guilty of attempted murder and assault with a deadly weapon (the vase).
 

 After the jury reached its verdict, appellant admitted a prior serious felony conviction (Pen. Code, § 667, subd. (a)) in the following discourse out of the presence of the jury:
 

 
 *1769
 
 “The Court: All right, the jurors have departed from the courtroom.
 

 “Now, let’s see. Mr. Wade has called to my attention for the record that there was a bifurcation as to the allegations of prior conviction, right?
 

 “[Prosecutor]:—Correct, your honor.
 

 “The Court: And those consist of, let [s/c] see, an allegation that he was convicted of 245 in—
 

 “[Prosecutor]:—San Francisco.
 

 “The Court: Yeah, San Francisco. On or about May 25th, 1989.
 

 “[Defense counsel]: Your Honor, my client is prepared to admit that.
 

 “The Court: That’s alleged as a prior with respect to Count 3.
 

 “[Prosecutor]: And 4, your honor.
 

 “The Court: And 4. Of which he has been convicted. Mr. Pomeroy?
 

 “[Defense counsel]: We are prepared to admit the special allegation; is that correct, that you pled guilty to a felony charge of 245(a)(1) in San Francisco?
 

 “The Defendant: Yes.
 

 “The Court: Find those allegations with respect to Counts 3 and 4 then to be true. Let me make a note here.
 

 “[Prosecutor]: Just so the record is clear, your Honor. The defendant did admit that he suffered the prior conviction out of San Francisco for 245(a)(1)?
 

 “The Court: Yeah That is your admission, I take it?
 

 “[Defense counsel]: Is that your admission, Sir?
 

 “The Defendant: I don’t understand.
 

 “[Defense counsel] You admit that you pled guilty to a felony charge of 245(a)(1) in San Francisco?
 

 “The Defendant: Yeah.”
 

 
 *1770
 
 The court imposed a three-year middle prison term for battery with serious bodily injury, a stayed term for assault (Pen. Code, § 654), and a five-year enhancement for the prior serious felony conviction, for a total prison term of eight years.
 

 III. Discussion
 

 A., B.
 
 *
 

 C.
 
 Yurko Error
 

 Appellant’s principal contention is that, under
 
 In re Yurko
 
 (1974) 10 Cal.3d 857, 863-864 [112 Cal.Rptr. 513, 519 P.2d 561], the trial court erred by failing to advise him of his rights with respect to the prior felony conviction.
 

 The Attorney General concedes that the failure of the trial court to advise appellant of his rights with respect to admission of the prior conviction “constituted
 
 Yurko
 
 error.” The Attorney General, however, proceeds to argue that this was “harmless error,” citing
 
 People
 
 v.
 
 Guzman
 
 (1988) 45 Cal.3d 915, 968 [248 Cal.Rptr. 467, 755 P.2d 917]. More specifically, he urges that this error was harmless because there was no reasonable probability that the defendant would have denied the prior or that the prior would not have been found to be true.
 

 Appellant responds that (1)
 
 Guzman
 
 “is no longer the law of this State” and “should be disregarded by this Court” and (2) even if
 
 Guzman
 
 remains viable, its disparate facts demonstrate its inapplicability to the present case. We disagree with the former argument but agree with the latter.
 

 As to the first point, our Supreme Court provided an extended discussion of
 
 “Yurko
 
 Error” in
 
 People
 
 v.
 
 Howard
 
 (1992) 1 Cal.4th 1132, 1174-1180 [5 Cal.Rptr.2d 268, 824 P.2d 1315], In the course of that discussion,
 
 Guzman
 
 is cited but neither overruled nor disapproved. We thus conclude it is still good law.
 

 In
 
 Howard,
 
 the court ruled that the test for determining whether
 
 Yurko
 
 error is reversible is whether the record affirmatively shows that the admission was “voluntary and intelligent” under the totality of the circumstances. The focus is not on whether a prior would have been found true, but on whether the defendant knew of his constitutional rights. (See 1 Cal.4th at p. 1180.)
 

 
 *1771
 
 However, we do not think the “harmless error” rule of
 
 Guzman
 
 can be extended to the total absence of any admonition, i.e., the circumstance in this case. In
 
 Guzman,
 
 before accepting the defendant’s admission, the trial court properly advised him of his rights to cross-examine witnesses, to call his own witnesses, to remain silent and to be represented by counsel, as well as the legal consequences of admitting the priors. However, instead of telling the defendant he had a right to a “jury trial,” the court told him he had the right to a “hearing” at which the truth of the prior convictions would have to be proved beyond a reasonable doubt. The Supreme Court held, on those facts, that there was no reasonable probability that, if the term “jury trial” had been substituted for the term “hearing,” the ultimate outcome would have been any different.
 

 The present case, however, differs fundamentally from
 
 Guzman
 
 in that there were
 
 no admonitions or waivers whatsoever.
 
 The record does not affirmatively show—it does not even contain a hint—that appellant knew of his constitutional rights and voluntarily waived them in admitting the prior. Thus, it does not matter whether the allegation would likely have been found true in light of appellant’s admission on cross-examination. Under
 
 Howard,
 
 that is not the focus of our inquiry.
 
 [1]
 

 We conclude that, under the totality of the circumstances of this case, and especially given the total absence of any advice to appellant regarding his waiver of constitutional rights in admitting the prior conviction allegation, the admission was not voluntary and intelligent, and was therefore invalid.
 

 IV. Disposition
 

 The judgment is reversed to the extent the court found the enhancement allegation to be true, and in all other respects is affirmed. The cause is remanded for a limited new trial on the enhancement allegation.
 

 Smith, Acting P. J., and Phelan, J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied March 15, 1995.
 

 *
 

 See footnote,
 
 ante,
 
 page 1766.
 

 [1]
 

 Moreover, appellant’s admission on cross-examination did not include an essential element for enhancement purposes—that he had personally used a dangerous or deadly weapon in the commission of the prior (see
 
 People
 
 v.
 
 Equarte
 
 (1986) 42 Cal.3d 456-467 [229 Cal.Rptr. 116, 722 P.2d 890])—and thus did not in itself prove the enhancement allegation.