[No. B092155. Second Dist., Div. Seven. June 28, 1996.]

THE PEOPLE, Plaintiff and Appellant, v.
ROSARIO SOTO, Defendant and Respondent.

COUNSEL

Gil Garcetti, District Attorney, Brentford J. Ferreira and Aaron Singer, Deputy District Attorneys, for Plaintiff and Appellant.

Michael P. Judge, Public Defender, Albert J. Menaster, Debra Werbel and Jack T. Weedin, Deputy Public Defenders, for Defendant and Respondent.

OPINION

JOHNSON, J.— In this case we hold a defendant in a noncapital case may move to strike a prior conviction on *Boykin/Tahl* grounds notwithstanding the decision in *Custis* v. *United States* abolishing this remedy in the federal courts. However, defendant failed to meet his burden of establishing he did not knowingly and intelligently waive his right to a jury trial before pleading guilty in the prior proceeding. Therefore, we reverse the order striking the allegation of the prior robbery conviction and remand the cause to the superior court for further proceedings.

## Facts and Proceedings Below

The People filed an information charging defendant with one count of possession of cocaine. The information also alleged defendant previously had been convicted of robbery, a "strike" under California's "three strikes" law. (Pen. Code § 667, subds. (b)-(i).)[1]

Defendant made a pretrial motion to dismiss the prior conviction allegation on the ground, inter alia, the conviction resulted from an invalid waiver of his right to a jury trial. In support of this motion, his attorney filed an unsworn statement which simply stated the transcript of the plea in the prior proceeding reveals "defendant was not properly advised and did not properly waive his right to a jury trial."

At the hearing on the motion to strike the prior, the People introduced the reporter's transcript from the robbery case. The transcript showed defendant and two codefendants, each represented by counsel, entered no contest pleas to a robbery charge as part of a plea bargain. Prior to accepting their pleas, the trial court admonished the defendants, in the presence of their counsel, as to the constitutional rights they were giving up—the right to a jury trial, the right to confront witnesses against them and the privilege against self-incrimination—and obtained the defendants' express waivers of each of these rights. (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].) However, in the course of admonishing the defendants as to their right to a jury trial, the court made a slip of the tongue and stated: "By pleading guilty you will be giving up your right to a jury trial. That is when your *lawyers* will listen to the evidence and decide unanimously whether you are guilty or not guilty." (Italics added.) The court then asked the defendants, "Do you understand that right and do you waive and give it up . . . ?" Each defendant replied, "Yes."

In the present case, defendant argued his waiver of a jury trial in the robbery case was not knowing and intelligent due to the court's misstatement in explaining that right. The trial court agreed with defendant's contention and struck the allegation of a prior robbery conviction. Defendant then entered a plea of guilty to cocaine possession and was sentenced to the midterm of two years in state prison. The People appeal from the order striking the allegation of the robbery conviction.[2]

---

[1]All statutory references are to the Penal Code unless otherwise noted.

[2]This order is appealable under section 1238, subd. (a)(1) and (8). (*People* v. *Davis* (1979) 94 Cal.App.3d 215 [156 Cal.Rptr. 395].)

## DISCUSSION

### I. *A Defendant May Bring a Pretrial Motion Challenging the Constitutional Validity of a Prior Conviction on Boykin/Tahl Grounds.*

Initially, the People contend the United States Supreme Court's decision in *Custis* v. *United States* (1994) 511 U.S. 485 [128 L.Ed.2d 517, 114 S.Ct. 1732] stripped state court defendants of the right to bring a pretrial motion challenging the constitutional validity of a prior conviction except on the ground of denial of counsel. We find no merit to this argument.

### A. *Historical Background*

For nearly three decades, the California Supreme Court has recognized pretrial challenges to the constitutional validity of prior convictions are an aspect of "efficient judicial administration." (*People* v. *Coffey* (1967) 67 Cal.2d 204, 215 [60 Cal.Rptr. 457, 430 P.2d 15].) Addressing the motion to strike a prior in *Coffey*, the court stated, "[T]he procedure here sought to be utilized, to wit, a motion to strike the prior before trial, is a proper method by which to raise the issue and initiate proceedings to determine the constitutional validity of the prior conviction." (*Ibid.*) In *Coffey*, the defendant challenged his prior conviction on the ground he was denied counsel. In *People* v. *Coleman* (1969) 71 Cal.2d 1159 [80 Cal.Rptr. 920, 459 P.2d 248], the defendant challenged his prior conviction on the ground he was denied effective assistance of counsel. In *People* v. *Sumstine* (1984) 36 Cal.3d 909, 917 [206 Cal.Rptr. 707, 687 P.2d 904], the court held a defendant "may bring *any* challenge that undermines the constitutional basis of his prior conviction." In *People* v. *Horton* (1995) 11 Cal.4th 1068, 1136 [47 Cal.Rptr.2d 516, 906 P.2d 478], a capital case, the court reiterated its view "considerations of judicial economy . . . strongly support a procedure that permits a defendant to raise, at a pretrial stage, [a] collateral challenge to a prior murder conviction alleged as the basis for a special circumstance."

### B. *The Decision in Custis v. United States.*

Federal courts, too, long permitted a motion to strike based on the constitutional invalidity of a prior conviction. The United States Supreme Court, however, never specifically endorsed this procedure except in cases involving the denial of counsel to the defendant. (*United States* v. *Tucker* (1972) 404 U.S. 443 [30 L.Ed.2d 592, 92 S.Ct. 589].) In 1994, the court held in *Custis* v. *United States, supra,* 511 U.S. 485, __ [128 L.Ed.2d 517, 522-523, 114 S.Ct. 1732, 1734] a defendant in a federal criminal case cannot attack the constitutional validity of a prior state court conviction by a motion

to strike the prior, except where the prior conviction was obtained in violation of the right to counsel.

Custis was convicted in federal court of cocaine possession and illegal possession of a firearm. The government sought to enhance his sentence under the Armed Career Criminal Act (ACCA), (18 U.S.C. § 924 (e)), based on his three prior felony convictions following guilty pleas in state court. Custis objected to the use of two of those convictions on the grounds in one case he received ineffective assistance of appointed counsel (*Strickland* v. *Washington* (1984) 466 U.S. 668 [80 L.Ed.2d 674, 104 S.Ct. 2052]) and in both cases he entered his pleas without a knowing and intelligent waiver of his rights to a jury trial, to confront witnesses and not to incriminate himself. (*Boykin* v. *Alabama, supra,* 395 U.S. 238 [23 L.Ed.2d 274].) The federal district court refused to hear Custis's challenge to his prior convictions on these grounds and the Fourth Circuit affirmed. Because this decision conflicted with the view of a majority of the circuits, the United States Supreme Court granted certiorari. (*Custis* v. *United States, supra,* 511 U.S. at p. __ & fn. 1 [128 L.Ed.2d at p. 524, 114 S.Ct. at p. 1735].)

After determining the ACCA itself did not authorize collateral attacks on prior state court convictions at federal sentencing proceedings, the high court turned to the question whether the United States Constitution required federal courts to entertain such collateral attacks. As noted above, the court concluded that as a matter of federal law, federal courts were not constitutionally required to hear such collateral attacks except in cases where the defendant contends the prior conviction was obtained in violation of the right to counsel. (511 U.S. at p. __ [128 L.Ed.2d at pp. 522-523, 114 S.Ct. at p. 1734].)

The court's holding was based on administrative considerations and the need for finality of judgments. (511 U.S. at pp. 485, __ [128 L.Ed.2d at pp. 527-529, 114 S.Ct. at pp. 1738-1739].) To permit defendants to raise claims of ineffective assistance of counsel and uninformed waivers of rights "would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state-court transcripts or records that may date from another era, and may come from any of the 50 States." Furthermore, " '[i]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice." By challenging the prior conviction, "the defendant is asking a district court 'to deprive [the] [state court judgment] of [its] normal force and effect in a proceeding that ha[s] an independent purpose other than to overturn the prior judgmen[t].' . . . These principles bear extra weight in cases in which prior convictions . . . are based on guilty pleas,

because when a guilty plea is at issue, 'the concern with finality served by the limitation on collateral attack has special force.'" (511 U.S. at p. 497 [128 L.Ed.2d at pp. 528-529, 114 S.Ct. at p. 1739], citations omitted.) The court made an exception for claims of denial of counsel because "failure to appoint counsel for an indigent defendant [is] a unique constitutional defect" and "failure to appoint counsel at all will generally appear from the judgment roll itself or from an accompanying minute order." (511 U.S. at p. 496 [128 L.Ed.2d at p. 528, 114 S.Ct. at p. 1738].)

The court concluded its opinion in *Custis* by observing it was not precluding federal defendants from challenging their prior convictions on grounds other than denial of the right to counsel. However, the proper vehicle for such challenges is through state or federal habeas corpus review. (511 U.S. at p. __ [128 L.Ed.2d at pp. 528-529, 114 S.Ct. at p. 1739].)

### C. *The Forum Is The Issue.*

To analyze the merits of the People's appeal in this case it is necessary to see *Custis* for what it was—a case setting forth a rule of *federal* criminal procedure—not a case announcing a dramatic change in substantive constitutional law. As Justice Ginsburg, a member of the *Custis* majority, later explained: "*Custis* presented a forum question. The issue was where, not whether, the defendant could attack a prior conviction for constitutional infirmity." (*Nichols* v. *United States* (1994) 511 U.S. 738, __ [128 L.Ed.2d 745, 766, 114 S.Ct. 1921, 1937] (dis. opn. of Ginsburg, J.).)[3] That the question in *Custis* was procedural, not substantive, is borne out by the court's focus on administrative concerns such as convenience and finality and in particular by the court's concluding observation Custis could seek relief from his allegedly unconstitutional conviction through habeas corpus in state or federal court. If the majority in *Custis* intended the decision to prohibit constitutional attacks on prior convictions in state courts, assuming it even has the authority to do so, it would not have allowed Custis to litigate his constitutional claims through a state habeas corpus proceeding. (Cf. *People* v. *Howard* (1992) 1 Cal.4th 1132, 1175 [5 Cal.Rptr.2d 268, 824 P.2d 1315].)

Our interpretation of *Custis* as a case involving federal criminal procedure is supported by our own Supreme Court's subsequent decision in *People* v. *Horton, supra*, which reaffirmed the right of a defendant in a capital case to collaterally attack a prior conviction on constitutional grounds.

---

[3]Commentators on *Custis* have arrived at the same conclusion. (See, e.g., Note, *More Than a Question of Forum: The Use of Unconstitutional Convictions To Enhance Sentences Following Custis v. United States* (1995) 47 Stan. L.Rev. 1323, 1336; Note, *Custis v. United States: Are Unconstitutional Prior Convictions Being Used To Increase Prison Terms?* (1995) 25 Golden Gate L.Rev. 267, 291-292.)

Horton was charged with first degree murder and it was alleged as a special circumstance he previously had been convicted of murder. Horton brought a motion during the guilt phase of the trial to strike the prior-murder special-circumstance allegation on the ground he had been denied effective assistance of counsel in the prior murder case. The trial court denied the motion and Horton was ultimately convicted and sentenced to death. The Supreme Court concluded denying the motion was prejudicial error and reversed the death sentence. However, before reaching the merits of Horton's attack on his prior conviction the court examined "the relevance, if any, of the *Custis* decision to the present case" and "conclude[d] that the *Custis* decision does not govern our determination of the issue presented in the case at bar." (11 Cal.4th at pp. 1132-1133.)

The court read *Custis* as "narrowly restrict[ing] the grounds upon which a defendant may collaterally attack the validity of a prior conviction in the course of a *federal sentencing proceeding* . . . [¶] . . . [¶] holding that as a matter of *federal law* 'a defendant has no such right . . . to collaterally attack prior convictions,' with the sole exception of convictions obtained in violation of the right to appointed counsel . . . [¶] . . . [¶] . . . [*Custis*] explicitly recognized, however, that [defendant] could attack collaterally his state sentences in states in which these sentences had been rendered or by federal habeas corpus review, and if successful, then could apply to reopen any federal sentence enhanced by the state convictions." (11 Cal.4th at pp. 1133-1134, italics added.) The court also noted, "*Custis* was not a capital case, and thus the United States Supreme Court did not address the question of the appropriate scope of a collateral challenge in such a setting. Because the collateral challenge in the present case relates solely to the proposed use of a prior conviction in a capital context, we have no occasion in this case to determine whether, or in what respect, the *policy* considerations set forth by the majority in *Custis* should affect collateral attacks on prior convictions in a noncapital setting." (*Id.* at p. 1134, italics added.) The court did, however, reiterate its view of the motion to strike as "strongly support[ed]" by "considerations of judicial economy" citing its previous decision in *People v. Coffey, supra*, a noncapital case. (*Id.* at p. 1139.)

*Horton* does not resolve the issue in the case before us because the court did not address the continued right of a defendant in a noncapital case to collaterally attack a prior conviction. However, the court's analysis of *Custis*, especially its characterization of the decision as involving "policy considerations," not constitutional considerations, bolsters our view *Custis* is

of no effect outside the federal court system.[4] Furthermore, the court's reference to its own decision in *Coffey* is a reminder the court has held in an unbroken line of cases, from *Coffey* in 1967 through *Horton* in 1995, a motion to strike is the proper procedural vehicle to challenge any allegedly unconstitutional prior conviction.

Thus, unlike the United States Supreme Court, our high court has determined the motion to strike *is* administratively efficient.[5] We concede reasonable minds can differ over the desirability, in noncapital cases, of allowing pretrial motions to strike prior convictions. (See, e.g., *People v. Allen, supra,* 39 Cal.App.4th at pp. 1516-1517.) However, under our system of stare decisis the only reasonable minds that count are the seven serving on the California Supreme Court. Until that court says otherwise, *People v. Sumstine, supra,* is still good law and we are bound to follow it. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)[6]

For the reasons stated above, the trial court properly entertained the defendant's motion to strike his robbery conviction on *Boykin/Tahl* grounds.

II. *Defendant Failed to Allege and Prove He Was Unaware of the Meaning of a Jury Trial at the Time of His Prior Conviction and Would Not Have Pleaded No Contest Had He Understood What a Jury Trial Was.*

The procedure for collaterally attacking a prior conviction on *Boykin/Tahl* grounds is explained in several Supreme Court cases including *People v. Sumstine, supra,* 36 Cal.3d at pages 914, 922-923; *Curl v. Superior Court* (1990) 51 Cal.3d 1292, 1306 [276 Cal.Rptr. 49, 801 P.2d 292]; *People v. Hayes* (1990) 52 Cal.3d 577, 637 [276 Cal.Rptr. 874, 802 P.2d 376] and *People v. Horton, supra,* 11 Cal.4th at page 1136. When a defendant seeks to collaterally attack the validity of a prior conviction, he or she must first allege facts sufficient to justify a hearing on the motion to strike the prior. That is, defendant must "allege actual denial of his constitutional rights,"

---

[4]On this point we respectfully disagree with the opinion in *People v. Allen* (Cal.App.). The issue here is not whether there was an effective waiver of a federal constitutional right (see *People v. Howard, supra,* 1 Cal.4th 1132, 1175 and discussion in pt. II below). The issue is where the efficacy of that waiver can be tested.

[5]In *People v. Sumstine,* for example, the court provided answers to the administrative efficiency argument which would later be raised in *Custis.* (36 Cal.3d at p. 919, fn. 6.)

[6]As we have explained above, we are not dealing here with a "federal question." Therefore, the United States Supreme Court's decision in *Custis* does not trump our own Supreme Court's decision in *Sumstine.* (See *People v. Superior Court (Williams)* (1992) 8 Cal.App.4th 688, 702-703 [10 Cal.Rptr.2d 873].)

(*People* v. *Sumstine, supra,* 36 Cal.3d at p. 922) and, at least in cases involving an imperfect advisement of rights, allege that absent this denial defendant would not have pled guilty to the charge. (*People* v. *Guzman* (1988) 45 Cal.3d 915, 968 [248 Cal.Rptr. 467, 755 P.2d 917]; see *In re Thomas G.*█ (Cal.App.), *People* v. *Stills* (1994) 29 Cal.App.4th 1766, 1771 [35 Cal.Rptr.2d 486].) If these allegations are made, the trial court shall thereupon conduct an evidentiary hearing in the manner set forth in *Sumstine, supra,* at page 923. At this hearing, the People initially have the burden of making a prima facie showing the defendant actually suffered the prior conviction. Once this prima facie showing has been made, the defendant has the burden of producing evidence to establish the constitutional invalidity of the prior conviction and prejudice. The People have the right to present evidence in rebuttal. At the conclusion of the hearing, the trial court must determine whether the defendant has carried the burden of establishing the constitutional invalidity of the prior conviction and resulting prejudice.

█ In the present case, there is no dispute over the fact defendant suffered a prior conviction for robbery. The dispute is over whether his plea of no contest to the robbery charge was constitutionally invalid. Applying the rules established by *Sumstine* and its progeny, it is apparent defendant failed to carry his burden of proof on this issue.

Defendant failed to allege facts sufficient to justify a hearing on his motion to strike the prior conviction. The charging allegation is contained in an unsworn statement by defendant's attorney which simply recites "defendant was not *properly* advised and did not *properly* waive his right to a jury trial." (Italics added.) By negative inference, defendant was advised of his right to a jury trial and did waive that right but, for some unexplained reason, the advisement and waiver were both "improper." Such conclusory allegations were insufficient to warrant relief. (Cf. *People* v. *Cooper* (1992) 7 Cal.App.4th 593, 597 [8 Cal.Rptr.2d 912] [conclusory allegation defendant did not waive his right to jury trial insufficient to warrant relief].)

More importantly, defendant failed to allege or prove "that at the time of his prior conviction he did not know of, and did not intelligently waive" his right to a jury trial. (*People* v. *Sumstine, supra,* 36 Cal.3d at p. 914.) Instead, he relied entirely on the trial court's slip of the tongue as the basis for striking his prior conviction. However, as held in *People* v. *Hayes, supra,* ". . . it is not enough to show an incomplete or otherwise defective advisement; defendants must also allege and prove that, when the plea was entered, they lacked knowledge of, or did not intelligently waive, their constitutional rights." (52 Cal.3d at p. 637.) If defendant was confused by the trial court's

explanation of a jury trial as a trial in which his lawyer would listen to the evidence and determine his guilt or innocence, it was up to defendant to allege and prove this confusion. (Cf. *People* v. *Cruz* (1974) 12 Cal.3d 562, 566-567 [116 Cal.Rptr. 242, 526 P.2d 250] [defendant seeking to withdraw guilty plea failed to specify or prove nature of alleged "confusion" which led to guilty plea].)

Furthermore, given the fact defendant entered his plea of no contest to the robbery charge as part of a plea bargain, it is not reasonably probable that if the trial court had correctly defined a jury trial defendant would have pled not guilty and gone to trial. (See *People* v. *Guzman, supra,* 45 Cal.3d at p. 968.)[7]

■ Defendant contends the People cannot argue on appeal that he did not meet his burden of proof under *Sumstine* because they did not make this argument in the trial court. We know of no rule the People must object to an order in the trial court as being an abuse of discretion or not supported by the evidence before an appeal on these grounds will lie. Defendant has cited no case supporting his contention.

■ For the reasons stated above, we conclude the trial court erred in striking defendant's prior robbery conviction on the ground defendant's plea was constitutionally invalid.[8] Because reversal of the trial court's order striking the prior would require resentencing under the three strikes law and because defendant may have pled guilty in the present case in reliance on the court's order striking the prior, fairness requires that defendant be given an opportunity to withdraw his guilty plea.

### DISPOSITION

The judgment is reversed and the matter remanded to the superior court with directions to permit defendant to withdraw his plea of guilty should he choose to do so within 30 days following finality of our decision and for such further proceedings as may be required.

Lillie, P. J., concurred.

**WOODS, J.,** Concurring.—I agree with the majority that the defendant did not meet his burden in challenging the validity of his alleged robbery

---

[7]*Guzman* is particularly relevant to the present case because it also involved an imperfect advisement of rights. Instead of advising defendant he had a right to a jury trial, the court advised him he had the right to a "hearing." (45 Cal.3d at p. 968.)

[8]Defendant also requested the trial court to strike the prior robbery conviction "in the interests of justice" (§ 1385, subd. (a)) and on the ground it antedated enactment of the three strikes legislation. The trial court did not rule on these motions and they are not before us on this appeal.

conviction and therefore the trial court erred in striking it. I also agree with the disposition: reversal and remand, allowing defendant to withdraw his guilty plea if he chooses to do so.

But unlike the majority I would not reach the *Custis* issue. The question of whether a defendant may collaterally challenge an alleged prior conviction on grounds *other than denial of counsel* is of far reaching importance. Our Supreme Court, in addressing this question, limited its holding to capital offenses. (*People* v. *Horton* (1995) 11 Cal.4th 1068 [47 Cal.Rptr.2d 516, 906 P.2d 478].) Because defendant's motion and proof were both inadequate—requiring a denial of his motion—we need not, and I would not, address the *Custis* issue.