Filed 5/3/13  P. v. Brown CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E053330 |
| v. | (Super.Ct.No. RIF132673) |
| DARREN EUGENE BROWN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  F. Paul Dickerson III, Judge.  Affirmed in part; reversed in part.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kelley Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Darren Eugene Brown appeals from his conviction after a jury trial and 33-years-to-life, Third-Strike, sentence for possessing cocaine for sale (Health & Saf.

1

Code, § 11351); possessing an assault rifle (Pen. Code, § 12280, subd. (b)) and being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1)).  Defendant argues the trial court abused its discretion when it failed to hold an evidentiary hearing on his motion to dismiss his three prior convictions on the ground that each of the pleas was not knowingly and intelligently entered.  As discussed below, we conclude that defendant did make the minimum allegations required to trigger a hearing on the motion.

### FACTS AND PROCEDURE

On October 4, 2006, Riverside County Sheriff's deputies served a search warrant on defendant's home.  The deputies recovered from the house an assault rifle, two handguns, one clip, ammunition, a stun gun and $10,000 in cash.  From a recreational vehicle parked on the side of the house, the deputies recovered 10.65 pounds or 4.3 kilograms of cocaine in both rock and powder form.  The deputies also found an assault rifle in the garage.  After being arrested, defendant admitted to possessing the cocaine for sale, along with each of the firearms.

On February 16, 2010, the People filed an amended information charging defendant with possessing cocaine for sale, possessing an assault weapon, and being a felon in possession of a firearm.  The People also alleged that defendant had two prior strike convictions (Pen. Code, § 667, subds. (c) & (e)(2)) and two prior drug-related convictions (Health & Saf. Code, § 11370.2, subd. (a)) and that the quantity of the cocaine for sale exceeded four kilograms (Health & Saf. Code, § 11370.4, subd.(a)(2)).

2

Defendant's first trial ended in a hung jury and mistrial.  On September 7, 2010, a second jury convicted defendant of all three charges and made a true finding that defendant possessed more than four kilograms of cocaine for sale.

On January 21, 2011, the trial court found the two prior strike convictions true and found one of the two prior drug convictions true.

On the date of sentencing, April 1, 2011, defendant filed a pro per[1] Motion to Strike Prior Convictions and Special Allegations.  As relevant to this appeal,[2] defendant argued that his prior strike convictions from 1986 and 1992, along with his drug-related conviction from 1994, should be stricken because, in each of the cases, he had pled guilty without making a voluntary and intelligent waiver of his rights under *Boykin/Tahl*.[3] Defendant attached to the motion his declaration that, in each of the three plea agreements, his counsel had failed to explain his constitutional rights as required by *Boykin* and *Tahl*.  In his motion and declaration, defendant made the following specific allegations about these prior convictions:

---

[1]  Also on April 1, 2011, defendant filed a Petition to Proceed in Propria Persona.

[2]  Defendant also argued in his Motion to Strike that: 1) the strike allegations had not been sufficiently proven; 2) the strike convictions violated ex post facto laws; and 3) he received ineffective assistance of counsel in each of his three plea bargains.

[3]  In *Boykin v. Alabama* (1969) 395 U.S. 238 (*Boykin*), the Supreme Court reversed a felony conviction which followed a guilty plea because the record did not disclose that the accused voluntarily and understandingly waived his constitutional rights against self-incrimination, to trial by jury, and to confront one's accusers.  In *In re Tahl* (1969) 1 Cal.3d 122 (*Tahl*), the California Supreme Court elaborated on *Boykin* by holding that the constitutional rights mentioned in that case together with the right to counsel must be specifically and expressly enumerated and waived by an accused before he enters a guilty plea.  This waiver must appear on the face of the record.

3

*1986 - (Being under the influence of alcohol) - 1st Strike Allegation*

"Petitioner than plead guilty unintelligently without being made aware of constitutional rights. The court then imposed a sentence of time served without a valid waiver of rights. Boykin vs Alabama (1969) 395 U.S. 238, 242-244." "[A]ppointed counsel never explained my constitutional rights as required by *Boykin* . . . . Counsel never explained the People's burden of proof at trial or my possible defense. [¶] . . . Had I been made aware of my constitutional rights and the People's burden of proof I would not have plead guilty and insisted on going to trial."

*1992 - (Robbery - § 211) - 2nd Strike Allegation*

"I was told to plead guilty to the low term of (2) years for Pen. C. 211 Robbery without ever being made aware of my constitutional rights by counsel or the court or the People's burden of proof. Had I known otherwise I would not have plead guilty and insisted on going to trial." "The petitioner unintelligently plead to the charges and the court imposed a sentence of: (2) years without petitioner's express and explicit waivers."

*1994 - (Health & Saf. Code, § 11352) – Drug Prior*

"Appointed counsel fail to advise me properly on matters of law, and my constitutional rights and possible defenses and the Peoples burden, and allowed the court to impose a sentence of (3) years without ever addressing me at all in open court." "On June 29, 1994, the petitioner unintelligently, and unlawfully was sentence to a term of (3) years; the petitioner was never made aware of his constitutional rights. Boykin vs Alabama, supra."

4

In addition, defendant made the following allegations regarding all three of the prior convictions: "The Petitioner plead guilty because he was lead to believe it was in his best interest. Had this petitioner been made aware of his constitutional rights under Boykin/Tahl, and the state's burden, and all possible defenses; he would not have plead guilty and insisted on proceeding to trial. "In the instant case all the attorneys advised this petitioner to plead guilty without explaining that I Petitioner had a right to: 1. Trial by jury; 2. The right to confront accusers; 3. Privilege against compulsory self-incrimination . . . ."

At the outset of defendant's April 1, 2011, sentencing hearing, the trial court stated that it had reviewed the motion to strike and "denied your request to dismiss the strike on *Boykin Tahl* grounds." The court asked defendant if he wished to be heard on his argument that defense counsel misled him, and defendant declined to be heard, stating that "the motion speaks for itself." The court went through the probation report and the certified CII[4] with defendant to confirm that they accurately reflected each of defendant's three prior convictions at issue, and to preserve the record for appeal. At that point defendant stated he "would like the proper form to file a notice of appeal."

After the trial court discussed the merits of a *Romero*[5] motion that defendant did not file, but to which the People filed a written opposition, and heard from defendant's family members, it declined to strike either of the strike priors and sentenced defendant to

---

[4] CII stands for Criminal Identification and Information.

[5] *People v Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

33 years to life as follows: 25 years to life for the cocaine possession as a third strike, plus an additional five years for the quantity allegation plus three years for the prior drug-related conviction. The court stayed the sentences for the firearm counts under Penal Code section 654. This appeal followed.

## DISCUSSION

Defendant argues the trial court erred when it denied his motion to dismiss the three prior convictions without first holding an evidentiary hearing. This is because, defendant argues, he made the required allegations that he had not knowingly and voluntarily waive his rights under *Boykin/Tahl*. The People counter that defendant's allegations were not sufficient to require an evidentiary hearing because, although he alleged counsel had not advised him of these rights, he did not allege that he was actually *unaware* of these rights. As discussed below, we conclude that the trial court was required to hold an evidentiary hearing because, as to each of the three convictions, defendant specifically alleged that his counsel had not adequately advised him of his rights, that his waiver was unintelligent (i.e., that he was actually unaware of these rights) and that he would not have plead guilty had he been properly advised.

A trial court may not use a prior conviction to increase a defendant's sentence if the prior conviction was obtained in violation of the defendant's constitutional rights. (*People v. Allen* (1999) 21 Cal.4th 424, 429 (*Allen*).) Before a defendant may enter a guilty plea, he must knowingly and intelligently waive the constitutional rights to a jury trial and to confront witnesses and the constitutional privilege against self-incrimination.

(*Boykin, supra,* 395 U.S. 238, 242; *Tahl, supra,* 1 Cal.3d 122, 132, superseded by statute on another ground as stated in *People v. Carty* (2003) 110 Cal.App.4th 1518, 1523-1524.)

When the defendant makes a sufficient allegation that the prior conviction was obtained in violation of *Boykin/Tahl* rights, the trial court must hold an evidentiary hearing, at which the prosecutor bears the initial burden of producing evidence that the defendant in fact suffered the prior conviction. (*Allen, supra*, 21 Cal.4th at pp. 435-436.) The burden then shifts to the defendant to produce evidence that his *Boykin/Tahl* rights were violated. (*Allen, supra*, 21 Cal.4th at p. 435.) The reviewing court must then examine the record "to assess whether the defendant's admission of the prior conviction was intelligent and voluntary in light of the totality of the circumstances. [Citation.]" (*People v. Mosby* (2004) 33 Cal.4th 353, 361.)

The facts that a defendant must allege in order to justify a hearing are the "'actual denial of his of his constitutional rights,' [citation] and, at least in cases involving an imperfect advisement of rights, allege that absent this denial defendant would not have pled guilty to the charge." (*People v. Soto* (1996) 46 Cal.App.4th 1596, 1605-1606.)

Here, defendant alleged in his motion regarding the 1986 prior that "Petitioner than plead guilty unintelligently without being made aware of constitutional rights." "Had I been made aware of my constitutional rights and the People's burden of proof I would not have plead guilty and insisted on going to trial." This fulfills the requirement that defendant allege an imperfect advisement of his rights, that his waiver was unintelligent, and that otherwise he would not have pled guilty to the charges.

Regarding the 1992 prior, defendant alleged: "I was told to plead guilty . . . without ever being made aware of the constitutional rights by counsel or the court or the People's burden of proof. Had I known otherwise I would not have plead guilty and insisted on going to trial." "The petitioner unintelligently plead to the charges . . . ." This allegation fulfills the requirements that defendant was inadequately advised of his rights, that his plea was unintelligent and that otherwise he would not have pled guilty to the charges.

Regarding the 1994 conviction, defendant alleged: "Appointed counsel fail to advise me properly on matters of law, and my constitutional rights and possible defenses and the Peoples burden . . . ." " . . . [T]he petitioner unintelligently, and unlawfully was sentenced to a term of (3) years; the petitioner was never made aware of his constitutional rights." This fulfills the requirements that defendant was inadequately advised of his rights, and his plea was made unintelligently, but does not explicitly state he would not have pled guilty had he been properly advised. However, in the motion itself, when defendant alleges with regard to each of the three priors that had his counsel been effective and properly advised him of his *Boykin/Tahl* rights, he fulfills this requirement when he alleges he "would not have plead guilty and insisted on proceeding to trial."

We conclude that defendant made the bare affirmative allegations sufficient to invoke his right to a hearing on whether he intelligently waived his *Boykin/Tahl* rights. Whether or not defendant can ultimately be successful in establishing the actual denial of these rights and prejudice therefrom, the trial court was required to hold a hearing on the motion.

8

## DISPOSITION

With respect to the conviction, the judgment is affirmed; with respect to the sentence, the judgment is reversed. The trial court is directed to hold a hearing on whether defendant was properly advised of his *Boykin/Tahl* rights, intelligently waived those rights, and was prejudiced thereby, and, with respect only to the outcome of the hearing, to resentence defendant accordingly.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                              P. J.


We concur:

McKINSTER
                    J.

KING
                    J.

9