Filed 4/3/14  P. v. Brown CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059955 |
| v. | (Super.Ct.No. RIF132673) |
| DARREN EUGENE BROWN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  F. Paul Dickerson III, Judge.  Affirmed.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant appeals from the trial court's denial of his motion to dismiss his prior strikes on the ground that they were not knowingly and intelligently entered under *Boykin v. Alabama* (1969) 395 U.S. 238 (*Boykin*) and *In re Tahl* (1969) 1 Cal.3d 122 (*Tahl*).  The trial court held an evidentiary hearing on the motion after this appellate court directed the

1

trial court to do so. As discussed below, the trial court's order denying defendant's motion on remand is affirmed.

## PROCEDURAL BACKGROUND[1]

On September 7, 2010, a jury convicted defendant of possessing cocaine for sale (Health & Saf. Code, § 11351); possessing an assault rifle (Pen. Code, § 12280, subd. (b)) and being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1)). The jury also found that the quantity of the cocaine for sale exceeded four kilograms (Health & Saf. Code, § 11370.4, subd.(a)(2)).

On January 21, 2011, the trial court found that defendant had two prior strike convictions (Pen. Code, § 667, subds. (c) & (e)(2)) and one prior drug-related conviction (Health & Saf. Code, § 11370.2, subd. (a)).

On the date of sentencing, April 1, 2011, defendant filed a pro per[2] Motion to Strike Prior Convictions and Special Allegations. Defendant argued that his prior strike convictions from 1986 and 1992, along with his drug-related conviction from 1994, should be stricken because, in each of the cases, he had pled guilty without making a voluntary and intelligent waiver of his rights under *Boykin/Tahl*. Defendant attached to the motion his declaration that, in each of the three plea agreements, his counsel had

---

[1] The facts relating to defendant's trial and first appeal are taken from the unpublished opinion in case No. E053330, filed May 3, 2013.

[2] Also on April 1, 2011, defendant filed a Petition to Proceed in Propria Persona.

2

failed to explain his constitutional rights as required by *Boykin* and *Tahl*. Defendant also alleged that, had he been properly advised, he would not have pled guilty in any of the three cases. At the outset of the sentencing hearing, the trial court stated that it had reviewed defendant's motion and then denied it. The court then sentenced defendant to 33 years to life as follows: 25 years to life for the cocaine possession as a third strike, plus an additional five years for the quantity allegation plus three years for the prior drug-related conviction. The court stayed the sentences for the firearm counts under Penal Code section 654.

Defendant appealed. In an unpublished opinion filed on May 3, 2013, this court affirmed the conviction but found that defendant had made the minimum allegations required to trigger a hearing on his *Boykin/Tahl* motion. This court then directed the trial court to hold such a hearing, and with respect only to the outcome of the hearing, to resentence defendant accordingly.

After several continuances, the trial court held a hearing on defendant's *Boykin/Tahl* motion on November 1, 2013. In addition to submitting a declaration to the court, defendant also testified. Regarding his 1986 strike conviction, defendant testified that, when he discussed the plea with his appointed attorney, the attorney did not tell him he had the right to go to trial, to call witnesses, and to testify himself. Defendant also testified that he did not understand that he had these rights. He also did not recall signing a paper acknowledging these rights and relinquishing them. Defendant testified similarly regarding his 1992 strike conviction and his 1994 drug conviction, except that he admitted to having signed and initialed a document in each of these last two cases but

3

stated he did not read the documents or know what they contained. Defendant also testified with regard to the 1986 strike conviction that he believed he was pleading guilty to a lesser charge than discharging a firearm at an inhabited dwelling (Pen. Code, § 246) because that is what his attorney told him. The People introduced into evidence documents from the three prior convictions that directly contradicted defendant's testimony that he did not understand the rights he was giving up and that they were never explained to him. The trial court balanced defendant's "self-serving statements, with no other evidence" against the documents submitted by the People to show that he was advised of these rights and that he had acknowledged he understood them. The court denied defendant's motion. The court then resentenced defendant to 33 years to life.

## DISCUSSION

Defendant timely appealed from the trial court's denial of his *Boykin/Tahl* motion and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief. On March 18, 2014, defendant filed a "Motion to Supplement Direct Appeal," in which he asserts: 1) he did not plead guilty as charged in 1986 nor waive his Constitutional rights knowingly and intelligently; and 2) he did not enter guilty pleas in 1994 and did not waive his constitutional rights knowingly and intelligently. Defendant restates that he

4

was never advised of his Constitutional rights prior to any of the pleas, asserts that he did not know in 1986 that he was pleading guilty to Penal Code section 246, and argues the trial court abused its discretion when it declined to strike his three prior convictions based on the evidence introduced at the hearing on his motion.

Our review of the record shows that the trial court did not err when it found defendant did not prove he was unaware of his rights and would not have pled guilty had he been advised of these rights. (*People v. Mosby* (2004) 33 Cal.4th 353; *People v. Soto* (1996) 46 Cal.App.4th 1596.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

KING
J.

5