Filed 8/5/14  P. v. Brown CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEANDRE JERROD BROWN,<br><br>    Defendant and Appellant. | B250551<br><br>(Los Angeles County<br>Super. Ct. No. BA396766) |

        APPEAL from a judgment of the Superior Court of Los Angeles County.  C. H. Rehm, Jr., Judge.  Affirmed with directions.

        James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell and Eric E. Reynolds, Deputy Attorneys General, for Plaintiff and Respondent.

_____

The People filed an information charging appellant Deandre Jerrod Brown with one count of possession of a weapon while in custody (Pen. Code, § 4502, subd. (a)),[1] a felony. The information alleged that appellant had suffered a prior juvenile adjudication of robbery in 1997 (a prior strike) (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and had served two prior prison terms (§ 667.5, subd. (b)).

Pursuant to plea negotiations, the information was amended to add a violation of section 4502, subdivision (b), attempted manufacture or possession of a weapon while in custody, also a felony. Appellant pled guilty to the amended count two. Count one and the prior prison allegations were dismissed on the People's motion. Following a court trial, the prior juvenile adjudication was found to be true.

Appellant was sentenced to a total of 16 months in state prison (consisting of the midterm of eight months doubled because of the prior strike), to be served consecutively to the sentence previously imposed in another case numbered BA393566.

Appellant contends that the trial court erred in failing to conduct an evidentiary hearing regarding the constitutional validity of his admission to the alleged charge in the prior juvenile case. We disagree, but we direct the trial court to correct the abstract of judgment to reflect appellant's presentence custody credit.

**FACTS**

Because appellant entered a guilty plea here and the underlying facts are not at issue, we only briefly offer this summary: On April 7, 2011, Los Angeles County Sheriff's Deputy Brandon Longoria was working at the Los Angeles County jail, where appellant was an inmate. Deputy Longoria found a comb with a razor blade attached to its bristles in appellant's cell. Appellant admitted that the comb and razor were his and said that he used it to cut his hair. According to Deputy Longoria, combs with razors attached to the bristles were commonly used as slashing devices by inmates.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

## DISCUSSION

## I. The Trial Court Was Not Required to Conduct an Evidentiary Hearing on the Validity of Appellant's Admission in the Prior Juvenile Case

Appellant contends that the trial court erred by failing to conduct an evidentiary hearing on the constitutional validity of his admission in the prior juvenile case. Specifically, he claims that the prior juvenile adjudication cannot be used as a strike to enhance his current sentence because the record in the juvenile case is silent as to whether he was advised of his right to a contested jurisdictional hearing (or trial) before the juvenile court accepted his admission.

### A. Relevant Proceedings

Appellant, in propria persona, filed a motion to strike his prior juvenile adjudication for robbery on the ground that the adjudication was invalid because the record did not show that he was advised of his constitutional right to a trial before the juvenile court accepted his admission to the charged offense. The instant trial court held a bench trial on the issue. The prosecution introduced documents reflecting that appellant suffered a prior juvenile adjudication for robbery in 1997. Defense counsel acknowledged that the minute order in the juvenile case stated that appellant was advised of and waived his constitutional rights to confront witnesses, the privilege against self-incrimination, and the right to compel the attendance of witnesses, but argued that the adjudication was not a valid strike because the minute order failed to reflect that appellant had been advised of his right to a trial and that he had waived that right. The trial court took the matter under submission, found that the adjudication was a valid strike, and proceeded to sentencing without conducting a full evidentiary hearing on the issue.

### B. Applicable Law

Prior felony convictions are often used to "increase the sentences meted out to criminal defendants." (*People v. Allen* (1999) 21 Cal.4th 424, 428 (*Allen*).) But a trial court may not use a prior conviction to enhance a sentence if that prior conviction was obtained in violation of the defendant's constitutional rights. (*Id.* at p. 429.) The United States Supreme Court has explained that before a defendant can enter a guilty plea to a

3

crime, the defendant must knowingly and intelligently waive the constitutional right to a jury trial, the right to confront witnesses, and the privilege against self-incrimination. (*Boykin v. Alabama* (1969) 395 U.S. 238, 243 (*Boykin*).) In *In re Tahl* (1969) 1 Cal.3d 122, 132 (*Tahl*), the California Supreme Court elaborated on *Boykin* by holding that the constitutional rights mentioned in that case together with the right to counsel must be specifically and expressly enumerated and waived by an accused before he enters a guilty plea, and that this waiver must appear on the face of the record.

It is well established that a defendant may collaterally challenge a prior conviction at the trial on his current offenses by moving to have the prior conviction stricken on the ground that his *Boykin-Tahl* rights were violated. (*People v. Sumstine* (1984) 36 Cal.3d 909, 918–919 (*Sumstine*).) However, to obtain an evidentiary hearing on such a motion to strike, it is "not enough for [the defendant] to allege that the record of his prior conviction is silent regarding those rights." (*Sumstine, supra*, at p. 914.) Rather, the defendant "must affirmatively allege that at the time of his prior conviction he did not know of, or did not intelligently waive, such rights." (*Ibid.; Allen, supra*, 21 Cal.4th at pp. 438–440.) Thus, a defendant may not merely rely on a silent record, but must plead and prove he was actually unaware of his rights and that he would not have pleaded guilty had he known those rights. (*People v. Soto* (1996) 46 Cal.App.4th 1596, 1605–1606.)

When a defendant brings a motion to strike and sufficiently alleges a constitutional *Boykin-Tahl* rights violation, the trial court must hold an evidentiary hearing. (*Sumstine, supra*, 36 Cal.3d at p. 914.) At the hearing, the prosecution first bears the burden of making a prima facie showing that the defendant suffered the prior conviction. (*Id*. at p. 923.) Once that showing is made, the burden shifts to the defendant to produce evidence demonstrating a violation of the *Boykin-Tahl* constitutional requirements. (*Ibid*.) If the defendant meets this burden, the prosecution has the right to rebut the defendant's showing. (*Ibid*.) The trial court must then determine, in light of the totality of the circumstances, whether the defendant's prior plea constituted a knowing and

4

intelligent waiver of his constitutional trial rights. (*People v. Howard* (1992) 1 Cal.4th 1132, 1175.)

### C. Analysis

There is no dispute here that appellant suffered a prior juvenile adjudication for robbery.[2] The dispute is whether he was entitled to an evidentiary hearing on the constitutional validity of his admission to the robbery charge in the juvenile case. "Applying the rules established by *Sumstine* and its progeny, it is apparent [appellant] failed to carry his burden of proof on this issue." (*People v. Soto, supra*, 46 Cal.App.4th at p. 1606.)

Appellant failed to allege facts sufficient to justify a hearing on his motion to strike the prior adjudication. Appellant's motion to strike his prior adjudication merely asserted that "the record was silent as to whether the defendant knowingly and [voluntarily] waived [his constitutional] rights." Appellant's declaration attached to the motion did not address whether he was advised of and waived the right to trial. Appellant's motion and defense counsel's later argument both solely relied on the argument that the record was silent as to whether appellant waived his right to a contested adjudication hearing. Appellant did not allege that the juvenile court never advised him of his right to a bench trial. Nor did appellant allege that he did not know of, or did not intelligently waive, his right to trial or that he would not have admitted the robbery allegation had he been advised of such right. Because appellant did not affirmatively allege that at the time of his prior adjudication he did not know of, and did not voluntarily waive, his right to trial, he was not entitled to an evidentiary hearing on the validity of his admission in the juvenile case.

---

**2**     The *Boykin-Tahl* rules, absent the right to a *jury* trial, are applicable to juvenile adjudications. (*In re Ronald E.* (1977) 19 Cal.3d 315, 321; *In re Regina N.* (1981) 117 Cal.App.3d 577, 582–583.)

Appellant points out that during the bench trial the prosecutor mistakenly asserted that the issue of the constitutional validity of appellant's admission had to be decided by the juvenile court that made the adjudication. He claims that the trial court impliedly adopted this incorrect statement of the law in denying him an evidentiary hearing. Even if this were true, we review a trial court's ruling and not its reasoning. (*Whyte v. Schlage Lock Co.* (2002) 101 Cal.App.4th 1443, 1451.) The ruling was correct because appellant did not meet his burden of obtaining an evidentiary hearing.[3]

## II. The Abstract of Judgment Must be Corrected to Reflect Appellant's Presentence Custody Credits

Appellant contends, and the People concede, that the abstract of judgment fails to reflect his presentence custody credits. The abstract of judgment reflects the sentence of nine years four months imposed in prior case No. BA393566. In the BA393566 case, appellant was awarded a total of 350 days of presentence custody credit. Since the abstract of judgment includes both that case and the instant case, it should be corrected to include appellant's presentence custody credit.

---

[3] Appellant also contends that his prior juvenile adjudication cannot be used to enhance his sentence because he was not entitled to have a jury determine the facts underlying the commission of the adjudicated offense. Appellant acknowledges that the California Supreme Court rejected this contention in *People v. Nguyen* (2009) 46 Cal.4th 1007, 1028, and that we are bound by this decision. Accordingly, we do not address his contention here.

## DISPOSITION

The trial court is directed to correct the abstract of judgment by including appellant's presentence custody credit of 350 days and to forward a corrected copy to the Department of Corrects and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.[*]
FERNS

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.